802 F.2d 458
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JACKIE DALE McBEE, Petitioner-Appellant
v.
JIMMY HARRISON, WARDEN, Respondent-Appellee.
 NBo. 85-5908.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 Before: KEITH, and BOGGS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case arises from a habeas corpus petition filed by Jackie Dale McBee who is now serving concurrent sentences of 4 years and life imprisonment after being convicted, in Tennessee state court, of the kidnapping and aggravated rape of an eleven-year-old girl. McBee contends that he was denied his Sixth Amendment right to effective assistance of counsel. The district court dismissed the petition and, for the reasons set forth below, we affirm.
 
 I.
 
 2
 McBee and a co-defendant were tried and convicted of kidnapping and aggravated rape. McBee was represented throughout the trial by a court-appointed attorney. After the trial, McBee's attorney perfected an appeal as of right to the Tennessee Court of Criminal Appeals. The appellate court ruled that the trial court had erred by admitting into evidence an improperly redacted confession of McBee's co-defendant but that the existence of other, overwhelming evidence of McBee's guilt had made the error harmless. Neither McBee nor his court-appointed counsel sought discretionary review of this decision by the Tennessee Supreme Court.
 
 
 3
 McBee then filed with the trial court a petition for postconviction relief, contending that he was denied effective assistance of counsel. He subsequently moved to amend his petition to add, as a basis for his contention, the failure of his court-appointed counsel either to seek discretionary review by the Tennessee Supreme Court or to advise Perry that he was not going to do so; the failure to do one or the other violates Tennessee Supreme Court Rule 14. The trial court denied the motion to amend and dismissed the petition for post-conviction relief. McBee appealed to the Tennessee Court of Criminal Appeals, which affirmed the trial court on both the denial of the motion and the dismissal of the petition. The appellate court ruled that the trial court properly denied the motion to amend because the issue of the redacted confession had previously been decided by the appellate court and because state law does not require appointed counsel to pursue appellate review beyond the first tier. T.C.A. Sec. 16-5-108(a)(1). McBee unsuccessfully sought discretionary review by the Tennessee Supreme Court of that decision.
 
 
 4
 McBee subsequently intiated this action by filing with the federal district court a habeas corpus petition, alleging that he was denied effective assistance of counsel because his attorney (1) failed to spend sufficient time with McBee, (2) failed adequately to investigate leads with respect to a possible alibi defense, (3) failed to ask for a laboratory analysis of hair samples found in a "pony-tail holder" taken from the truck that was apparently involved in the kidnapping and rape, (4) failed to present witnesses to offer explanations for a gasoline-filled milk jug found in the truck and a siphon hose found at the scene of the rape, and (5) failed to seek discretionary review by the Tennessee Supreme Court. The district court examined the entire record and dismissed the petition. McBee appeals to this court from that dismissal.
 
 II.
 
 5
 The Sixth Amendment requires that an attorney provide a defendant "reasonably effective assistance." Strickland v. Washington, 466 U.S. 668, 687-88, reh. denied 467 U.S. 1267 (1984). A court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy."' 466 U.S. at 689; see also Martin v. Rose, 744 F.2d 1245 (6th Cir. 1984).
 
 
 6
 By listing the times his attorney spent interviewing him and the time for which his attorney billed the state, McBee appears to imply that his attorney did not spend enough time preparing for trial. However, because McBee has given no indication as to how he was prejudiced by the amount of time his attorney spent preparing for the case (other than those contentions dealt with below), we hold that McBee has not shown that his attorney failed to provide effective assistance of counsel based solely on that contention.
 
 
 7
 McBee contends that his attorney did not adequately investigate leads with respect to an alibi defense. The state trial court held a hearing on this issue and based its conclusion that McBee's attorney had not been "ineffective," in part, on the credibility of McBee's counsel's testimony denying that McBee had ever told him of a possible alibi defense. This is a finding of fact which "shall be presumed to be correct." 28 U.S.C. Sec. 2254(d). If McBee's counsel was never told of a possible alibi defense, he could not reasonably have been expected to investigate it.*
 
 
 8
 McBee also contends that his attorney should have requested a laboratory analysis of hair samples found in a "pony-tail holder" taken from the truck and should have called witnesses to give explanations for the gasoline-filled milk jug, also taken from the truck, and a siphon hose found at the scene of the rape. The state trial court conducted hearings in the postconviction review proceedings and concluded that the attorney's decisions with respect to these issues were trial tactics. We agree and, under Strickland, we will not second-guess an attorney's trial tactics.
 
 
 9
 Finally, McBee contends that his attorney failed to provide effective assistance of counsel because his attorney violated Tennessee Supreme Court Rule 14 by failing to request secondtier, discretionary review by the Tennessee Supreme Court (of the Tennessee Court of Criminal Appeals' ruling on the redacted confession of McBee's co-defendant), and by failing to advise McBee that he was not going to do so.
 
 
 10
 This contention is without merit. First, the Sixth Amendment does not grant a defendant the right to a discretionary appeal, Wainwright v. Torna, 455 U.S. 586 (1982); Ross v. Moffitt, 417 U.S. 600 (1974); therefore, the failure of McBee's attorney to seek discretionary review by the Tennessee Supreme Court does not make the assistance of his counsel constitutionally "ineffective." Second, a violation of a Tennessee Supreme Court rule does not, itself, provide grounds for relief under a habeas corpus petition because such relief may be granted only "on the ground that [a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2254(a).
 
 
 11
 Accordingly, we AFFIRM the district court's dismissal of the petition.
 
 
 
 *
 Furthermore, McBee's alibi claim that he was at Sparkie's Beer Joint with the victim's mother at the time the rape occurred was contradicted by her testimony at McBee's preliminary hearing