5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alan Michael OLSON, Plaintiff-Appellant,
v.
William J. FITZGERALD, Defendant-Appellee.
 No. 93-35113.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1993.*
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court for the District of Idaho, No. CV-92-00217-HLR; Harold L. Ryan, District Judge, Presiding.
 D.Idaho
 REVERSED.
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The pro se appellant challenges the district court's dismissal of his Sec. 1983 suit as frivolous under 28 U.S.C. Sec. 1915(d). Because the district court did not give the pro se appellant the opportunity to amend his complaint, we reverse.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Appellant Alan Olson was convicted of aggravated assault in an Idaho district court. He was given an indeterminate five year sentence with a minimum two and one half years of incarceration. The conviction was affirmed by the Idaho Court of Appeals. State v. Olson, 806 P.2d 963 (Idaho Ct.App.1991). Neither Olson nor his appointed counsel petitioned the Idaho Supreme Court for review.
 
 
 4
 Fitzgerald, Olson's appointed counsel for appeal and post-conviction relief purposes, did file a petition for post-conviction relief, but it was denied by the Idaho district court. Olson claims that Fitzgerald promised to appeal this denial, but no appeal was sought. Fitzgerald withdrew as Olson's counsel. Olson filed a pro se petition for post-conviction relief, but it was dismissed. Olson is currently in an Idaho correctional institution.
 
 
 5
 Olson filed the present action in federal district court claiming a Sec. 1983 violation based on ineffective assistance of counsel. The magistrate assigned to the case ordered that Olson be allowed to proceed in forma pauperis and recommended that the claim be dismissed as frivolous under Sec. 1915(d). The magistrate reasoned that Olson's claim failed the requirements of a Sec. 1983 suit because a public defender does not act under color of state law and there is no right to effective assistance of counsel for post-conviction relief. The magistrate also treated the suit as a petition for writ of habeas corpus, and recommended that it be dismissed as well because of the lack of a constitutional injury.
 
 
 6
 Olson sent a letter objecting to the recommendation and for the first time alleged a conspiracy between his appointed counsel and the trial judge to deprive him of his constitutional rights. The district court dismissed Olson's suit without leave to amend after reviewing this letter and the magistrate's report.
 
 
 7
 Olson simultaneously filed a Rule 60(b) motion for reconsideration and a notice of appeal. The district court denied the motion for reconsideration.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 8
 The district court had jurisdiction pursuant to 28 U.S.C. Secs. 1331 and 1343(a). This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291. The appellant's simultaneous motion for reconsideration to the district court was a 60(b) motion and did not divest this court of jurisdiction. Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir.1983).
 
 
 9
 We review the dismissal of a claim under Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We review the dismissal of a petition for writ of habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 III.
 DISCUSSION
 
 10
 The appellant basically argues that he can state a claim under Sec. 1983 and that dismissal under Sec. 1915(d) without the opportunity to amend was improper. A pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Pro se complaints are liberally construed. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Because the district court did not give Olson the opportunity to amend his complaint, we reverse.
 
 
 11
 Here Olson was alleging civil rights violations under Sec. 1983. A Sec. 1983 claim has two elements. First the conduct complained of must be under color of state law, and second, that conduct must deprive the plaintiff of a constitutional right. Ketchum v. County of Alameda, 811 F.2d 1243, 1245 (9th Cir.1987). The district court dismissed Olson's case without affording him the opportunity to amend because it believed he could not possibly meet either requirement. We disagree.
 
 
 12
 Olson can possibly satisfy the first requirement because he claims that his court appointed attorney conspired with the trial judge. Normally, a public defender does not act under the color of state law when he or she performs traditional legal functions. Polk County v. Dodson, 454 U.S. 312, 325 (1981). But state public defenders do act under color of state law and are liable under Sec. 1983 for intentional misconduct if they engage in a conspiracy with state officials. Tower v. Glover, 467 U.S. 914, 923 (1984). Olson has alleged such a conspiracy with the trial judge and so possibly can meet the first requirement of a Sec. 1983 action.
 
 
 13
 It is also possible that Olson can allege a constitutional injury. Olson originally fashioned his cause of action as one asserting ineffective assistance of counsel, and the district court was correct to say that this claim was legally barred. The constitutional right to counsel extends only to the first appeal as of right and no further. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). There is no right to effective assistance of counsel to pursue a discretionary appeal. Ross v. Moffitt, 417 U.S. 600, 610 (1974). Since there is no constitutional right to counsel, there is no constitutional right to effective assistance of counsel. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982). The district court did not consider, however, whether Olson could allege other constitutional violations.
 
 
 14
 Olson also claimed in his complaint that his appointed attorney failed to appeal the denial of his petition for post-conviction relief, even though he promised he would. In the letter objecting to the magistrate's dismissal recommendation, Olson further claimed that his attorney and state officials denied him his right to a trial by jury and that the Idaho Court of Appeals made errors in affirming his conviction. In his reply and supplement for post-conviction relief, which he filed with the Idaho District Court, Olson alleged that his attorney failed to appeal to the Idaho Supreme Court.
 
 
 15
 It is not absolutely clear that these allegations could not support other constitutional claims. Alleging a conspiracy between a public defender and the trial judge to deny the defendant his right to a trial by jury raises serious constitutional issues at the heart of the judicial system. Duncan v. Louisiana, 391 U.S. 145, 155-58 (1968) (importance of right to trial by jury). A conspiracy to stop further appeals is also constitutionally circumspect. See Wainwright v. Torna, 455 U.S. at 588 n. 4 (saying in dicta that an attorney's failure to file a discretionary appeal may implicate due process where state action is present). With Olson's inability to pay for counsel to appeal and the conspirators' alleged actions to stop any appeal, there may be an equal protection violation. See Griffin v. Illinois, 351 U.S. 12, 18 (1956) (state may not grant appellate review in a way that discriminates against the convicted on the basis of their poverty).
 
 
 16
 If Olson cannot offer sufficient factual allegations of the conspiracy or any constitutional injury, then dismissal will be appropriate. But he must be given the opportunity to do so. See Figueroa v. Clark, 810 F.Supp 613, 616 (E.D.Pa.1992). Since it is not absolutely clear that the deficiencies of Olson's complaint cannot be cured, the district court abused it discretion by not giving Olson the opportunity to amend. The court should give Olson a brief statement of reasons his complaint was deficient. Noll, 809 F.2d at 1448-49.
 
 
 17
 Since the district court dismissed Olson's suit when construed as a habeas petition based on the lack of a constitutional injury, the above possibilities require reversal of that holding as well.
 
 
 18
 REVERSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3