OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellee, v. Buell, Appellant.
[Cite as State v. Buell (1994),       Ohio St.3d     .]
Motion for delayed reinstatement of appeal denied.
    (No. 85-712 -- Submitted July 27, 1994 -- Decided September 28, 1994.)

    David H. Bodiker, Ohio Public Defender, Randall L. Porter and J. Joseph Bodine, Jr., Assistant Public Defenders, for appellant.

    On Motion for Delayed Reinstatement of Appeal.
    Appellant, Robert Buell, was convicted of aggravated murder and sentenced to death in 1984. On direct appeal as of right, the court of appeals affirmed the conviction and sentence. State v. Buell (Apr. 11, 1985), Cuyahoga App. No. 48621, unreported. Buell then appealed as of right to this court, and we also affirmed. State v. Buell (1986). 22 Ohio St.3d 124, 22 OBR 203, 489 N.E.2d 795, certiorari denied (1986), 479 U.S. 871, 107 S.Ct. 240, 93 L.Ed.2d 165. Buell then petitioned the trial court for collateral postconviction relief; that petition was denied, and the court of appeals affirmed the denial. State v. Buell (Aug. 22, 1991), Cuyahoga App. No. 57197, unreported. We denied review of that judgment on January 29, 1992. State v. Buell (1992), 62 Ohio St.3d 1508, 583 N.E.2d 1320. Next, Buell filed a motion for delayed reconsideration of his direct appeal in the court of appeals, pursuant to App.R.26 and 14(B), claiming that he had been denied effective assistance of counsel when the court of appeals first considered his case in 1985. (See State v. Murnahan [1992], 63 Ohio St.3d 60, 584 N.E.2d 1204.) The court of appeals denied reconsideration, State v. Buell (Sept. 21, 1992), Cuyahoga App. No. 31875, unreported, and we affirmed that judgment on November 17, 1993. State v. Buell (1993), 67 Ohio St.3d 1500, 622 N.E.2d 649. Buell now claims that he did not receive the effective assistance of counsel in his 1986 direct appeal to this court, and for that reason asks us to reinstate his direct appeal pursuant to S.Ct.Prac.R. XI, Section 1(B).

We deny the motion.  Buell's 1986 appeal to this court was his second appeal.  "[T]he right to appointed counsel extends to the first appeal as of right, and no further."  (Emphasis added.)  Pennsylvania v. Finley (1987), 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545.  See, also, Evitts v. Lucey (1985), 469 U.S. 387, 394, 105 S.Ct. 830, 834-835, 83 L.Ed.2d 821, 828.  Having no constitutional right to counsel on a second appeal, Buell had no constitutional right to the effective assistance of counsel.  See Wainwright v. Torna (1982), 455 U.S. 586, 587-588, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475, 477-478; Evitts, supra, 469 U.S. at 397, 105 S.Ct. at 836, 83 L.Ed.2d at 830, fn.7.

Motion denied.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., concurs in judgment only.