98 F.3d 1344
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David WILLIAMS, Petitioner-Appellant,
v.
Al C. PARKE and Pamela Carter, Respondents-Appellees.
 No. 95-3959.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 8, 1996.*
Decided Sept. 27, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the district court's dismissal of David Williams' pro se petition pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we affirm.[1]
 
 
 2
 Williams is currently incarcerated at the Indiana State Prison in Michigan City, Indiana on a June 21, 1985 conviction for three counts of cocaine distribution, and three counts of conspiracy to distribute cocaine. On May 8, 1987, Williams was sentenced to a term of sixty-years' imprisonment to run consecutive to a prior federal sentence. Williams' projected release date is December 12, 2016. His maximum release date is December 12, 2046. The Supreme Court of Indiana affirmed Williams' conviction and sentence on January 31, 1989 on direct appeal. Williams filed an Indiana post-conviction petition which was denied on October 6, 1994. He never perfected an appeal from the denial of his state post-conviction petition. Williams' request for permission to file a belated appeal was denied by the Court of Appeals of Indiana on April 26, 1995. Williams' petition for transfer to the Supreme Court of Indiana was denied on August 17, 1995.
 
 
 3
 Prior to filing his request for Indiana post-conviction relief, on April 18, 1990, Williams filed a petition for a writ of habeas corpus in federal court. Williams claimed that: (1) he was not tried within 180 days in violation of the Interstate Agreement on Detainers ("IAD"), Ind. Code § 35-33-10-4 and his right to a speedy trial; and (2) his sentence was improperly enhanced by the trial court's habitual offender determination. This petition was dismissed without prejudice on November 2, 1990. On December 23, 1991, we affirmed the district court's dismissal.
 
 
 4
 After being denied relief on his Indiana post-conviction petition, on October 24, 1995, Williams filed a second federal habeas corpus petition raising the following claims: (1) his conviction was in violation of his right to be free from double jeopardy; (2) his sentence was erroneously enhanced by the trial court's habitual offender determination; (3) he was denied effective assistance of trial counsel; (4) he was denied effective assistance of appellate counsel; and (5) he was denied effective assistance of state post-conviction counsel. On November 22, 1995, the district court dismissed Williams' second habeas corpus petition with prejudice, finding abuse of the writ. This appeal follows.
 
 
 5
 Rule 9(b) of the Rules Governing Habeas Corpus Proceedings provides: A second or subsequent petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of writ.
 
 
 6
 Williams' claim that his sentence was erroneously enhanced by the trial court's habitual offender determination was raised in his original petition. This claim was dismissed after a discussion of the merits. The remaining claims were not presented in Williams' first federal habeas corpus petition. Claims raised for the first time in a subsequent federal habeas corpus petition may be dismissed for an abuse of the writ unless the petitioner can show cause and prejudice, or a colorable claim of innocence. McCleskey v. Zant, 499 U.S. 467 (1991); Gomez v. United States District Court, 503 U.S. 653 (1992). Williams argues that his claims of double jeopardy, and ineffective assistance of trial and appellate counsel were not raised in his first federal habeas corpus petition because they had not been exhausted--he had not yet filed his state post-conviction petition. Nonetheless, by proceeding with only his exhausted claims, Williams risked dismissal of a subsequent petition as an abuse of the writ. Rose v. Lundy, 455 U.S. 509, 521 (1982) (plurality opinion). Williams does not demonstrate cause for failure to raise these claims in his first petition, and there is no indication that the state of Indiana waived the abuse of the writ defense as it did in Burris v. Parke, No. 95-3725, slip op. at 8-10 (7th Cir. Sept. 12, 1996) (en banc).
 
 
 7
 Regarding his claim of ineffective assistance of post-conviction counsel, Williams asserts that because this claim did not exist at the time of the filing of his first petition, he should not be expected to have raised it at that time. However, Williams would not be prejudiced by a dismissal of this claim. Because there is no constitutional right to post-conviction counsel, ineffective assistance of post-conviction counsel cannot provide grounds for federal habeas corpus relief. See Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Wainright v. Torna, 455 U.S. 586, 587 (1982).
 
 
 8
 Williams' second federal habeas corpus petition was properly dismissed as an abuse of the writ and, to the extent that the merits of Williams' sentencing claim were reached in his first federal habeas corpus petition, as a successive petition.[2]
 
 
 9
 Accordingly the judgment of the district court is AFFIRMED.[3]
 
 
 
 *
 After examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 While this appeal was pending, the President signed into law what is known as the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214. We need not decide what effect, if any, the provisions of this Act may have on our review of Williams' claims here, for his petition fails under either the new or the previous versions of the habeas statute
 
 
 [2]
 We point out that the district court dismissed Williams' first federal habeas corpus petition without prejudice. This is puzzling since the district court's denial of relief was based on the merits of the petition. However, because Williams had not yet filed an Indiana post-conviction petition, it is possible that the district court's dismissal without prejudice was intended only to allow Williams to pursue his available state post-conviction remedies. Since Williams does not argue otherwise, we will presume that the district court's dismissal without prejudice was not meant to permit the filing of a subsequent federal petition
 
 
 [3]
 Williams notes that in dismissing his petition, the district court failed to consider his traverse to the appellee's return to the order to show cause. We have reviewed Williams' traverse. It does not present any grounds for reversal of the judgment of the district court