Lorenzo MARSHALL, Petitioner–Appellant,

v.

David TRIPPETT, Respondent–Appellee.

No. 00–1656.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

---

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Lorenzo Marshall, a Michigan prisoner proceeding pro se, appeals a district court order and judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 1988, a jury convicted Marshall of assault with intent to murder and felony firearm. The trial court sentenced Marshall on June 27, 1988, to 80–120 years in prison, plus two years (consecutive) for the felony firearm count. The Michigan Court of Appeals dismissed Marshall's appeal for lack of progress—his appellate brief was not filed—and that court subsequently denied leave to file a delayed appeal. Marshall next filed a motion for relief from judgment, which was denied by the trial court. The Michigan Court of Appeals affirmed in a 2–1 opinion issued on April 18, 1994. Neither of these actions was appealed to the Michigan Supreme Court. A second motion for relief from judgment, delayed motion for a new trial, and motion for a hearing on the issue of ineffective assistance of appellate counsel were also denied. Both the Michigan Court of Appeals and the Michigan Supreme Court denied Marshall's delayed applications for leave to appeal.

In his federal habeas corpus petition, Marshall presented three grounds for relief: (1) the trial court violated his Fifth Amendment right against self-incrimination by refusing to suppress an involuntary confession; (2) appellate counsel rendered ineffective assistance by failing to provide the court of appeals with the transcripts necessary for review; and (3) his sentence was unconstitutionally disproportionate.

A magistrate judge recommended that Marshall's § 2254 petition be denied in a report filed on May 10, 2000. The magistrate judge concluded that Marshall's Fifth Amendment issue was barred from federal habeas review by procedural default, that his ineffective assistance of appellate counsel issue was meritless because the state court of appeals did address the merits of his issues in his motion for relief from judgment, and that his sentence was not constitutionally disproportionate and the issue was not otherwise cognizable under § 2254. In an order and separate judgment filed on May 31 and entered on June 2, 2000, the district court noted that no timely objections had been received and that, upon review, Marshall's petition was denied for the reasons stated by the magistrate judge. Marshall's objections were filed in the district court on June 7, 2000. This court granted a certificate of appealability only as to Marshall's first and second grounds for relief.

On appeal, Marshall continues to argue that the trial court erred in denying his motion to suppress his confession and that counsel's failure to provide the court with required transcripts deprived him of effective assistance of counsel in his appeal of right.

Upon review, we affirm the district court's judgment for the reasons stated therein. This court reviews *de novo* a district court's disposition of a habeas corpus petition. *Doan v. Brigano,* 237 F.3d 722, 729 (6th Cir.2001); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000), *cert. denied,* 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001). Pursuant to § 2254, relief may not be granted with respect to any claim adjudicated on the merits in state court unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *accord Doan,* 237 F.3d at 729.

Elaborating on the meaning of this statutory language, the Supreme Court held that a decision of a state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently that this Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Court continued that an "unreasonable application" occurs when "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. However, a federal court, on habeas review, may not hold a state decision to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411, 120 S.Ct. 1495.

■ Initially, we note that Marshall did not timely file objections to the magistrate judge's report and recommendation. This circuit generally applies the rule that failure to file objections to a magistrate judge's report and recommendation within ten days constitutes waiver of the right to appeal. *United States v. Real Property Located at 1184 Drycreek Road,* 174 F.3d 720, 725 (6th Cir.), *cert. denied,* 528 U.S. 987, 120 S.Ct. 448, 145 L.Ed.2d 365 (1999). However, that rule is not absolute and, e.g., the court may excuse the failure to timely object in the interests of justice. *Id.* at 725–26. We consider Marshall's appeal in this case because the district court

did, in fact, review the report and recommendation in light of the record despite Marshall's failure to timely object. Nonetheless, we conclude that Marshall is not entitled to habeas corpus relief.

■ The district court concluded that Marshall had failed to exhaust his suppression issue by not presenting it to the Michigan Supreme Court. Where, as here, a petitioner has no remaining state court remedies, the petition is not dismissed for lack of exhaustion, but the federal courts will not consider the unexhausted issue unless the petitioner establishes cause for his failure to exhaust and actual prejudice to his trial or appeal. *Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). A petitioner who is unable to show cause and prejudice may still obtain habeas review if necessary to prevent a fundamental miscarriage of justice, as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Actual innocence that would permit review means "factual innocence," not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

■ Marshall attempts to establish cause to excuse his failure to exhaust by blaming his attorney for not appealing the issue to the Michigan Supreme Court. It is true that ineffective assistance of appellate counsel rising to the level of a Sixth Amendment violation would excuse a default. *Murray,* 477 U.S. at 488, 106 S.Ct. 2639. However, a petitioner has no constitutional right to the assistance of counsel in a discretionary appeal; therefore, Marshall cannot claim ineffective assistance of counsel as cause in this case. *See Wainwright v. Torna,* 455 U.S. 586, 587–88, 102

S.Ct. 1300, 71 L.Ed.2d 475 (1982). Moreover, we have reviewed the transcript of Marshall's suppression hearing and conclude there is no prejudice because the decisions by the state courts represent a reasonable application of established constitutional law regarding the voluntary nature of Marshall's confession. Finally, Marshall has offered no new evidence showing that he is factually innocent of the crime which would render his incarceration a fundamental miscarriage of justice.

■ Marshall also asserts that he received ineffective assistance of counsel in his appeal as of right and in the appeal of the denial of his motion for relief from judgment, claiming that counsel failed to provide all of the transcripts necessary for review on the merits. The district court properly rejected this issue. Marshall's direct appeal was dismissed for lack of progress and so there was no review on the merits at all. Even if it is assumed that counsel's performance on direct appeal was defective for failing to prosecute the appeal, Marshall cannot show prejudice because the merits of the issues he wished to raise were considered in the appeal of his motion for relief from judgment. As already noted, Marshall was not entitled to the effective assistance of counsel in his discretionary appeal but, in any event, Marshall again fails to establish prejudice. The issues he presented on appeal did not require perusal of the trial transcripts and counsel did provide transcripts of the relevant proceedings.

Accordingly, the district court's judgment, entered on June 2, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.