## WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS *v.* TORNA

No. 81–362.   Decided March 22, 1982

PER CURIAM.

Respondent is in custody pursuant to several felony convictions that were affirmed by the Third District Court of Appeal of Florida.   *Torna* v. *State*, 358 So. 2d 1109 (1978).   The Florida Supreme Court dismissed an application for a writ of certiorari, on the ground that the application was not filed timely.[1]   362 So. 2d 1057 (1978).   A petition for rehearing and clarification was later denied.   App. to Pet. for Cert. A–15.

Respondent thereafter filed a petition for habeas corpus in the United States District Court for the Southern District of Florida, contending that he had been denied his right to the effective assistance of counsel by the failure of his retained

---

[1] "It appearing to the Court that the notice was not timely filed, it is ordered that the cause is hereby dismissed sua sponte, subject to reinstatement if timeliness is established on proper motion *filed* within fifteen days from the date of this order.   See Fla. R. App. P. 9.120."   App. to Pet. for Cert. A–13.

counsel to file the application for certiorari timely. The District Court denied the petition on the ground that the failure to file a timely application for certiorari did not render counsel's actions "so grossly deficient as to render the proceedings fundamentally unfair." *Id.*, at A–22. In reaching this conclusion, the District Court noted that review by the Florida Supreme Court was discretionary; "[f]ailure of counsel to timely petition for certiorari to the Supreme Court, therefore, only prevented [respondent] from applying for further discretionary review." *Id.*, at A–28. The Court of Appeals reversed. 649 F. 2d 290 (CA5 1981).[2]

In *Ross* v. *Moffitt*, 417 U. S. 600 (1974), this Court held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court. Respondent does not contest the finding of the District Court that he had no absolute right to appeal his convictions to the Florida Supreme Court.[3] Since respondent had no constitutional right to counsel, he

---

[2] Citing its decision in *Pressley* v. *Wainwright*, 540 F. 2d 818 (1976), cert. denied, 430 U. S. 987 (1977), the court first noted that "the failure of court-appointed counsel to file a timely notice of certiorari in the Florida Supreme Court has been held to constitute ineffective assistance." 649 F. 2d, at 291. On the basis of the recent decision in *Cuyler* v. *Sullivan*, 446 U. S. 335 (1980), the court then stated that "there is no distinction between court-appointed and privately retained counsel in the evaluation of a claim of ineffective assistance." 649 F. 2d, at 292. Finally, the court quoted its recent decision in *Perez* v. *Wainwright*, 640 F. 2d 596, 598 (1981), for the proposition that "'when a lawyer . . . does not perform his promise to his client that an appeal will be taken, fairness requires that the deceived defendant be granted an out-of-time appeal.'" 649 F. 2d, at 292. On the basis of these statements, the court reversed "the district court's denial of the writ of habeas corpus," *ibid.*, and remanded the case to the District Court for further proceedings consistent with its opinion.

[3] Like this Court, the Florida Supreme Court has a limited mandatory appellate jurisdiction. See Fla. Const., Art. V, § 3. Respondent has never contended, however, that he had a right of review under that jurisdiction. Thus, we need not determine the extent of the right to counsel in such a case.

could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.[4] The District Court was correct in dismissing the petition.

The motion of respondent for leave to proceed *in forma pauperis* is granted. The petition for writ of certiorari is granted, and the judgment of the Court of Appeals is therefore reversed.

*It is so ordered.*

JUSTICE BRENNAN would set the case for oral argument.

JUSTICE MARSHALL, dissenting.

The majority predicates its decision in this case on *Ross* v. *Moffitt*, 417 U. S. 600 (1974), which held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. The majority reasons that because respondent had no constitutional right to counsel, his lawyer's failure to file a timely appeal did not violate his right to effective assistance of counsel. In my view, however, *Ross* v. *Moffitt* was improperly decided. See *id.*, at 619–621 (Douglas, J., dissenting, joined by BRENNAN and MARSHALL, JJ.). I believe that a defendant does have a constitutional right to counsel to pursue discretionary state appeals. Particularly where a criminal conviction is challenged on constitutional grounds, permissive review in the highest state court may be the most meaningful review a conviction will receive. Moreover, where a defendant seeks discretionary review, the assistance of an attorney is vital. Because I disagree with the Court's position in *Ross* v. *Moffitt*, I disagree with its conclusion in this case also.

---

[4] Respondent was not denied due process of law by the fact that counsel deprived him of his right to petition the Florida Supreme Court for review. Such deprivation—even if implicating a due process interest—was caused by his counsel, and not by the State. Certainly, the actions of the Florida Supreme Court in dismissing an application for review that was not filed timely did not deprive respondent of due process of law.

Even if I believed that *Ross* v. *Moffitt* were correctly decided, however, I would dissent from the majority's conclusion that habeas corpus provides no recourse to a criminal defendant who has been denied his right to seek discretionary review because of his attorney's error. Although respondent's Sixth Amendment right to effective assistance of counsel may not have been infringed, he was denied his right to due process. Respondent's counsel promised him that he would seek review in the Florida Supreme Court. Respondent reasonably relied on that promise. Counsel nonetheless failed to file a timely application.* As a result, respondent was deprived of his right to seek discretionary review by the State's highest court. As I suggested above, this loss is significant. I would hold that when a defendant can show that he reasonably relied on his attorney's promise to seek discretionary review, due process requires the State to consider his application, even when the application is untimely. To deny the right to seek discretionary review simply because of counsel's error is fundamentally unfair. Requiring the state courts to consider untimely applications when a defendant can show that he reasonably relied on his counsel will not impose a heavy burden. The State is not required to grant the application; it is simply barred from dismissing the application on the ground that it was not timely filed.

---

*Notice of the intent to apply for discretionary review was due in the office of the Clerk for the District Court of Appeal, Third District of Florida, on July 17, 1978. It was filed one day late, on July 18, 1978. According to respondent, a secretary in his attorney's office attempted to deliver the required papers on July 14, 1981. She became lost while traveling to the Clerk's office, and did not arrive until after it had closed. Because she did not realize that she could have placed the papers in a night depository box, she took them home and placed them in the mail. Record 29–30. To deny respondent the right to seek discretionary review, where he reasonably relied on his counsel's promise to apply for such review, and where counsel failed to comply with this promise only because of circumstances beyond his control, would be doubly unfair.

The majority argues that even if deprivation of the right to petition the Florida Supreme Court for review implicates a due process interest, there was no state action here. It reasons that the deprivation of this right was caused by respondent's counsel—a private retained attorney—and not by the State. *Ante*, at 588, n. 4. In my view, however, there was sufficient state involvement to satisfy the requirements of the Fourteenth Amendment. The majority's position is inconsistent with *Cuyler* v. *Sullivan*, 446 U. S. 335 (1980). In that case, the Court rejected the respondent's assertion that the failings of retained counsel at a criminal trial could not provide a basis for federal habeas corpus relief, because his conduct does not involve state action. It held that a state criminal trial, a proceeding initiated and conducted by the State itself, is an action of the State within the meaning of the Fourteenth Amendment. "When a State obtains a criminal conviction through such a trial, it is the State that unconstitutionally deprives the defendant of his liberty." *Id.*, at 343. "[T]he State's conduct of a criminal trial itself implicates the State in the defendant's conviction." *Id.*, at 344.

It is true that *Cuyler* v. *Sullivan* involved a challenge to the conduct of a private attorney during the trial, while this case involves a challenge to the post-trial conduct of a private attorney. However, post-trial proceedings are an integral part of the criminal process. In my view, the State is just as much implicated in those proceedings as in the trial itself. Here, for example, Florida was responsible for structuring the procedure by which criminal convictions are reviewed. In particular, it designed the rules governing the right to seek discretionary review, including the rule that applications are automatically rejected when filed out of time. Under the circumstances, I think it clear that the state-action requirement is satisfied.