See also D.C., 570 F.Supp. 760.

**Rene SANTANA, Petitioner,**

v.

**Peter FENTON, etc., et al., Respondents.**

**Civ. No. 79–3296.**

United States District Court,
D. New Jersey.

Aug. 1, 1983.

John F. McMahon, Federal Public Defender by David A. Ruhnke, Asst. Federal

Public Defender, Newark, N.J., for petitioner.

George L. Schneider, Prosecutor of the Pleas by Hilary L. Brunell, Asst. Prosecutor, Newark, N.J., for respondents.

## OPINION

BIUNNO, Senior District Judge.

This is the second presentation of Santana's petition under § 2254 of Title 28. At the first presentation three claims were made: (1) a remark by the prosecutor impermissibly commenting on Santana's failure to testify; (2) the trial court's refusal to reopen the trial on a motion made after summations but before the jury instructions deprived Santana of an alleged "constitutional right to testify"; and (3) numerous instances of alleged prosecutorial misconduct denied Santana a fair trial.

The disposition reached was that the comments in summation were found to amount to a not permissible invasion of Santana's Fifth Amendment rights, and a conditional writ was granted. The claim of a "constitutional right to testify" was found not to raise a federal constitutional issue and not to provide a ground for issuance of a writ. The third claim was not dealt with.

On appeal, the Court of Appeals reversed without reaching the merits. It applied *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), decided while the appeal was pending, which requires dismissal of a § 2254 petition if it asserts any unexhausted claims, 28 U.S.C. § 2254(b).

The Court of Appeals analysis was directed solely to the claim of a constitutional right to testify, and found it had not been exhausted. The other two grounds were not reviewed because failure to exhaust remedies on the one ground required that the entire petition be dismissed under *Rose.*

The order granting the conditional writ was accordingly reversed with remand on instructions to dismiss the petition, leaving Santana the choice of returning to state court to exhaust his claims or of amending or resubmitting the petition to present only exhausted claims.

Santana chose the course of amending his petition to present only the claim on which the conditional writ was granted.

This choice presents the court with two questions, which have been argued. One is whether Santana had exhausted available state remedies on the sole claim remaining in light of the decision of this court in *Herring v. Fenton,* 531 F.Supp. 937 (D.N.J., 1981). The other is whether, if the state remedies were exhausted, the result reached before should be adhered to. This aspect arises because the first ruling was grounded on *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), without considering and applying *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and see the discussion on the point in *U.S. v. Hasting,* —— U.S. ——, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983).

So far as exhaustion is concerned, Santana argues that the decision in *Herring* should not be followed, and that the exhaustion requirement is satisfied by showing that the federal claim has been "fairly presented" to the state courts, see *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). As the *Rose* decision makes clear, the doctrine goes back at least to *Ex parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), and was codified by Congress in 1948, see 455 U.S. at 515–516, 102 S.Ct. at 1201, and footnote 8 thereto.

The *Rose* court also said:

"A *rigorously enforced total exhaustion rule* will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error". 455 U.S. at 518–519, 102 S.Ct. at 1203 (emphasis added).

There is no need to repeat here the detailed analysis of *Herring.* It is sufficient to note that under New Jersey's Constitution, there are two avenues of review by the Supreme Court. One is by appeal of right grounded on federal constitutional issues (among others). The other is permissive, on leave only, by a petition for certifi-

cation. As *Herring* pointed out, every federal claim that is cognizable under 28 U.S.C. § 2254 is, by definition, one on which there was an appeal of right to the Supreme Court.

*Herring* also records that since 1953 the N.J. Rules of Court have put an appellant to no election in that regard, but have allowed the filing of *both* an appeal of right and a petition for certification.

Researchers may be misled by the affirmance of *Herring* reported without opinion at 701 F.2d 157 (CA–3, 1983). The fact is that after this court's ruling, 531 F.Supp. 937 (D.N.J., 1981), Herring returned to the New Jersey courts for post-conviction relief, N.J. Court Rule R. 3:22, exhausted his remedies in that fashion, and filed a new petition here. The same result was reached on the merits, and it was that judgment that was affirmed. The first judgment based on the reported opinion was never appealed.

See, also, *Case v. Nebraska,* 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965), a significant exhaustion case which strongly encouraged the providing of adequate corrective process for the hearing and determination of claims of violation of federal constitutional guarantees. New Jersey was one of the states that had already done so, 381 U.S. at 339, footnote 3, 85 S.Ct. at 1488, footnote 3.

■ Thus, the pattern in New Jersey is that in all cases, civil and criminal, there is guaranteed at least one appeal of right (to the Superior Court, Appellate Division) and, where federal constitutional issues are involved, a second appeal of right to the highest court. In criminal cases, by virtue of the post-conviction rules of court, still another remedy is made available.

■ Santana appealed to the Superior Court, Appellate Division, which affirmed his conviction (except for the conviction on the felony-murder of his confederate, Columbia, see footnote 1 of the opinion of August 12, 1981).

He never filed a notice of appeal with the Supreme Court. He only sought leave for further review by petition for certification, which was denied.

As explained in *Herring,* the mechanisms used on appeal of right necessarily highlight to the Supreme Court the federal constitutional question raised (if there be one) and so assure fair presentation with a fair opportunity to review such matters first.

Not only did he fail to exhaust an available state remedy by direct appeal of right, but he also failed to exhaust his post-conviction remedies under N.J. Court Rule R. 3:22. As noted by the Court of Appeals, he was well within the usual time limit for post-conviction relief *when he filed his petition here* on November 19, 1979, see 685 F.2d 71 at 77 (CA–3, 1982). What was decided there to be a failure to exhaust is, of necessity, also a failure to exhaust on the sole claim now advanced.

The Court of Appeals observed, in footnote 1, 685 F.2d at 73, that it did not decide whether the present claim was presented so as to exhaust available state remedies. And, though respondents' first brief "concedes" that there has been exhaustion, the fact is that they can neither concede nor waive it, see footnote 2, 685 F.2d at 73.

In a closely related context, the Court of Appeals in this circuit has itself noted the distinct difference between a *right to appeal* on a federal constitutional challenge, and a petition for discretionary review by certiorari. See *Lehman v. Lycoming County, etc.,* 648 F.2d 135, at 144 (CA–3, 1981, *en banc*), affirmed —— U.S. ——, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982). In that case, the crucial question was whether a habeas petition under 28 U.S.C. § 2254 was available to challenge a Pennsylvania judgment on child custody grounded on a state statute, the Pennsylvania Adoption Act, to which the federal constitutional challenge was directed.

The petitioner there had two available routes to a constitutional challenge of the state statute. One was by *right of appeal* under 28 U.S.C. § 1257(2), and the other was by reserving the federal question in the state proceedings and then bringing the federal challenge before a federal court un-

der 42 U.S.C. § 1983. Petitioner chose neither route, but instead sought discretionary review by petition for *writ of certiorari* to the Supreme Court.

While the question did not relate directly to the matter of exhaustion (because both neglected remedies were federal remedies, not state remedies), the court's awareness of the difference between an appeal of right and a discretionary review, when both are available state remedies, as noted in *Herring,* has significance here. The Supreme Court, in the text and accompanying footnote 5, also notes the difference. See, also, *Wainwright v. Torna,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), and *Hicks v. Miranda,* 422 U.S. 332, at 343–345, 95 S.Ct. 2281, at 2288–90, 45 L.Ed.2d 223 (1975).

Because Santana failed to exhaust available state remedies as of the time his petition was filed in 1979, he has not satisfied the requirements to that end and the petition must be dismissed.

The second branch noted above is presented because Santana argues that the ruling made August 12, 1981 is the "law of the case", and he has moved for judgment on the pleadings under F.R.Civ.P. 12(c).

If the court were satisfied that the sole claim advanced was an "exhausted" claim, it does not follow that the court would be obliged to apply its first ruling as the "law of the case" and reorder issuance of a conditional writ.

For one thing, the mandate directing dismissal of the entire petition because it contained at least one unexhausted claim (the one analyzed by the Court of Appeals) wipes out the earlier ruling entirely.

For another, both this court and the Court of Appeals referred to the present claim by reference only to *Griffin,* supra, and neither referred to *Chapman.*

The recent decision in *U.S. v. Hasting,* —— U.S. ——, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) indicates that the initial review was not conducted in the manner which current views of the highest court intend, as a matter of law.

The accused passage in the summation made no direct mention of Santana, and there is less ground for considering it to be constitutional error at all than the comments in *Hasting.* This was the view of Justice Stevens in his concurring opinion, even though the comment there directly called attention to what "the defendants did not do" on their cross-examination and with the evidence they did offer even though none of them took the stand himself. He regarded the comments as directed to the weaknesses of the defendants' case, not an improper comment on failure to testify, and a question capable of decision without a *Chapman* review of the whole record.

The majority recognized that "Justice Stevens may well be correct that the prosecutor's argument was permissible comment." It proceeded to make a *Chapman* review of the entire record itself, because "[t]he question on which review was granted assumed that there was error." —— U.S. at ——, footnote 4, 103 S.Ct., at 1979, footnote 4, 76 L.Ed.2d at 104, footnote 4.

Consequently, if the remaining ground had been exhausted, nothing about the first ruling would preclude consideration of the question whether the comment here was permissible comment and not constitutional error at all, even without a *Chapman* review.

Second, while *U.S. v. Hasting,* —— U.S. ——, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) is a direct review of a conviction after trial in a federal court, rather than a habeas review of a state court proceeding under § 2254, the opinion makes it eminently clear that the "harmless error" test must be made on review of the whole record, under *Chapman,* and it undertook that review itself.

Thus, *Hasting* establishes that the same harmless error test of *Chapman* must be applied in both a review on direct appeal and on a collateral attack under § 2254 in both federal and state courts.

So far as direct review on appeal in federal courts is concerned, *Hasting* makes clear that the Courts of Appeal may not set

**766**

a stricter standard than *Chapman* calls for as by invoking their supervisory powers over the district courts. And, while nothing in *Chapman* or in *Hasting* bars a state court from applying a stricter standard than *Chapman* as a matter of state law, the federal courts may not do so on a collateral attack under § 2254.

It is also of note that the Supreme Court in *Hasting* undertook a review of the whole record itself and tested it against *Chapman*. This implies that the harmless error test is a matter of law, or a mixed question of fact and law, allowing the upper court to arrive at its independent decision.

This court's analysis of the challenged comment in the text accompanying footnote 7 of the first opinion has a distinct flavor of a prophylactic perspective characteristic of an exercise of "supervisory power" which, as noted, does not exist in the district courts on a § 2254 petition.

Consequently, if it were determined that Santana's claim is one for which he had exhausted all available state remedies at the time his petition was filed in 1979, it would be necessary to decide whether the comment were constitutional error at all, and if it were, whether it was harmless error without consideration of prophylactic aspects.

Since the first issue in respect to exhaustion is decided against petitioner, the court does not proceed to deal directly with the merits of the claim beyond observing that the first ruling is not controlling. Courts cannot adhere to past rulings for the sake of adherence alone, and intervening decisions of the higher courts must be taken into account.