959 F.2d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arthur BOTANY-BEY, Petitioner-Appellant,
v.
Darrell A. KOLB, Respondent-Appellee.
 No. 91-1423.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 12, 1992.*
Decided April 3, 1992.
 
 1
 Before RIPPLE, Circuit Judge MANION, Circuit Judge GRANT, Senior District Judge**
 
 ORDER
 
 2
 Petitioner, Arthur Botany-Bey, challenges an order of the district court dated December 13, 1990 dismissing his third petition for a writ of habeas corpus on the grounds of procedural default. Botany-Bey v. Kolb, No. 88-C-356 (E.D.Wis. Dec. 13, 1990). This is not the first time this cause has been before us. On February 6, 1990, we vacated an earlier order dismissing the habeas petition (Botany-Bey v. Kolb, No. 88-C-356 (E.D.Wis. Sep. 28, 1988), finding that petitioner's challenge to certain identification testimony was cognizable on habeas review. See Botany-Bey v. Kolb, No. 88-3162 (7th Cir. Feb. 6, 1990) (citing Kubat v. Thieret, 867 F.2d 351, 356 (7th Cir.1989); Walton v. Lane, 852 F.2d 268, 271-72 (7th Cir.1988)). The cause was remanded for further proceedings on the identification issues.
 
 
 3
 On remand the district court ordered briefing of the issues. The state moved to dismiss on the grounds of procedural default, or alternatively for an extension of time to file a brief on the merits. Petitioner did not respond, and on December 13, 1990, the district court granted the state's motion to dismiss with prejudice. This appeal followed.
 
 
 4
 The district court held that the petitioner was barred by a procedural default from raising the identification issues on habeas review because he failed to raise those issues before the state appellate court, and failed to show cause for the default. Botany-Bey v. Kolb, No. 88-C-356. slip op. at 4-7. We agree.
 
 The law is clear:
 
 5
 a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.
 
 
 6
 Harris v. Reed, 489 U.S. 255, 263 (1989). Implicit in that rule, however, is the presumption that the issues raised in the habeas petition were first presented to the state court for consideration. It is axiomatic that "[a] person who never presents a claim to state court cannot demand that the state court give a reason, rooted in state law, for not considering that claim." Reese v. Peters, 926 F.2d 668, 671 (7th Cir.1991). To treat such a claim as barred by procedural default does not offend against Harris v. Reed. Id.
 
 
 7
 Botany-Bey has challenged his conviction at every level available to him. His last resort at the state level was to a motion for post-conviction relief under Wis.Stat. § 974.06. Section 974.06 provides prisoners with a procedure for challenging their sentences even after the time for direct appeal and post-conviction relief under § 974.02 has expired. It provides in pertinent part:
 
 
 8
 All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the prisoner has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.
 
 
 9
 Wis.Stat. § 974.06(4) (emphasis added).
 
 
 10
 In his § 974.06 motion for post-conviction relief, Botany-Bey alleged that his appellate counsel's failure to raise the identification issues on direct appeal and collateral attack constituted ineffective assistance of counsel. The Wisconsin Court of Appeals, the last state court to render a decision in Botany's case, rejected that claim. It concluded on the basis of the record before it that appellate counsel's decision not to pursue the identification issues on appeal had "a basis in reason," and that "[counsel] diligently, competently and effectively represented the defendant." State v. Botany, 106 Wis.2d 775, 319 N.W.2d 179 (Wis.App. Feb. 15, 1982) (Table, text in WESTLAW, Nos. 81-624, 81-625). There is no indication in the record that Botany-Bey ever challenged the admission of the identification testimony in question on due process grounds, or that the state court ever considered such a claim.
 
 
 11
 Under the circumstances, his federal claim is barred unless he can show cause for, and prejudice from, the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). He has failed to meet that burden. Botany-Bey asserted neither cause nor prejudice in response to the motion to dismiss, indeed he did not file a response. To the extent he would reassert the ineffective assistance of his appellate counsel as cause, his claim has been fully adjudicated and rejected on its merits. After a full fact-finding hearing, the state trial court found that appellate counsel had diligently and competently pursued the defendant's post-conviction and appellate rights and that the defendant had not been denied the right to effective representation. State v. Botany, Nos. I-7997 and I-999 (Wis.Cir. Feb. 16, 1981), aff'd, 106 Wis.2d 775, 319 N.W.2d 179 (Wis.App. Feb. 15, 1982) (Table, text in WESTLAW, Nos. 81-624, 81-625). The district court reached the same conclusion in its order of December 13, 1990. Reiterating its earlier findings, the court stated:
 
 
 12
 The state court found that petitioner's appellate counsel did say to petitioner's trial counsel that he thought petitioner was guilty. The state court also found that petitioner's appellate counsel did not say that he would not do anything for petitioner. This court is bound by the state court's factual findings. 28 U.S.C. § 2254(d).... The facts developed in the state court fully support the conclusion that petitioner's appellate counsel diligently and competently pursued petitioner's appellate and post-conviction rights and advised petitioner of his rights.
 
 
 13
 Botany-Bey v. Kolb, No. 88-C-356. slip op. at 6-7 (quoting Botany-Bey v. Kolb, No. 88-C-356 (E.D.Wis. Sep. 28, 1988)). The district court thus concluded that Botany-Bey had failed to show cause for his failure to appeal the identification issues in state court, and dismissed the petition. We agree that the state court's factual findings support the conclusion that Botany-Bey's attorney did not provide ineffective assistance.
 
 
 14
 To the extent Botany-Bey alleges ineffective assistance of counsel on collateral review, we note simply that there is no sixth amendment right to counsel at that stage of the proceedings, see Pennsylvania v. Finley, 481 U.S. 551 (1987), Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam), and that petitioner's last post-conviction motion under Wis.Stat. § 974.06 was filed pro se. His challenge to counsel's performance on direct appeal has been found to be without merit. Even if we were to accept as true petitioner's allegations of ineffective assistance, the outcome of this appeal would be no different. Ineffective assistance on counsel on direct appeal would not excuse the petitioner's failure to raise the issues during post-conviction proceedings.
 
 
 15
 Accordingly, the judgment of the district court dismissing the petition for a writ of habeas corpus is
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation