78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael MURPHY, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 94-56545.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Michael Murphy appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. Murphy claims that he was improperly denied a transcript while pursuing post-conviction remedies, and that the state court violated his due process rights by refusing to appoint new counsel following his direct appeal. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 After the California Court of Appeal affirmed Murphy's conviction, his appellate counsel, James Bostick, tried to send the trial transcripts to Murphy. Prison officials refused to accept them, and sent them back to Bostick. Bostick informed Murphy that a family member or friend should pick them up. Murphy did not contact Bostick for the next four years; by that time, Bostick had discarded the transcripts.
 
 
 4
 Murphy filed a habeas corpus petition in the California Court of Appeal, asking for transcripts. The court denied the petition without prejudice, and ordered Bostick to provide records to Murphy. Bostick then informed Murphy that he could not comply with the court order because he no longer had any records. The California Court of Appeal subsequently refused to appoint counsel for Murphy.
 
 
 5
 If a state provides for appellate review of criminal convictions, then it must supply free trial transcripts to indigent defendants. Griffin v. Illinois, 351 U.S. 12, 18-19 (1956) (relying upon Due Process and Equal Protection Clauses); see also Draper v. Washington, 372 U.S. 487, 499-500 (1963) (state trial court cannot deny indigent defendant a transcript based upon court's assessment that defendant's direct appeal is frivolous). The Constitution does not, however, require the government to provide transcripts to defendants who have had a prior opportunity to obtain transcripts and have yet to make non-frivolous collateral attacks on their convictions. United States v. MacCollom, 426 U.S. 317, 325-26 (1976) (plurality opinion) (federal defendant); see Bounds v. Smith, 430 U.S. 817, 822 n. 8 (1977) ("The only cases that have rejected indigent defendants' claims to transcripts have done so either because an adequate alternative was available but not used, or because the request was plainly frivolous and a prior opportunity to obtain a transcript was waived." (citations omitted)).
 
 
 6
 Murphy contends for the first time on appeal that he needs the transcripts in order to show Bostick's ineffectiveness for failing to: (1) provide Murphy with any briefs filed in his appeal, or any transcripts or clerk's record; (2) file a petition for rehearing in the California Court of Appeal or a petition for review in the California Supreme Court; and (3) comply with a court order to provide transcripts to Murphy.
 
 
 7
 First, Murphy did not give any of the above reasons to the California courts to justify free transcripts. Second, Bostick notified Murphy of his unsuccessful attempt to send the transcripts to Murphy, but Murphy waited four years before responding to Bostick. Murphy is not entitled to free transcripts because he has yet to justify his need for the transcripts to the state courts, and he did not take advantage of a prior opportunity to obtain the transcripts. See MacCollom, 426 U.S. at 326.
 
 
 8
 Finally, because Murphy had no right to counsel to pursue discretionary state review proceedings or post-conviction remedies following his direct appeal, the California courts did not err by refusing to appoint counsel for Murphy after Bostick failed to comply with the court order to return the records to Murphy. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam); see also Campbell v. Wood, 18 F.3d 662, 676-77 (9th Cir.) (en banc), cert. denied, 114 S.Ct. 2125 (1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3