Jesse Dale HERNANDEZ,
Petitioner—Appellant

v.

A. TERHUNE, Director of the California Department of Corrections; Department of Corrections, Respondents—Appellees

No. 00–56710.

D.C. No. CV–99–08725–DT(E).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Nov. 20, 2001.

As Amended on Denial of Rehearing and Rejection of Rehearing En Banc Jan. 9, 2002.

Before B. FLETCHER, T.G. NELSON and BERZON, Circuit Judges.

## MEMORANDUM *

Jesse Hernandez appeals the district court's denial and dismissal without prejudice of his petition for habeas corpus. We affirm. Because the parties are familiar with the facts, we recount them only as necessary to explain our decision. Although we find that Hernandez has now sufficiently exhausted all of his claims, we affirm the dismissal on the grounds of procedural default.

1. Hernandez claimed ineffective assistance of appellate counsel in his habeas petition to the California Supreme Court. Although he did not directly claim ineffective assistance of trial counsel in that petition, his argument seeking consideration of his original petition for review

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

because of the ineffective assistance of appellate counsel in filing the petition late sufficiently exhausted his claims of ineffective assistance of both trial and appellate counsel.

■ Moreover, exhaustion is satisfied "if it is clear that the claims are now procedurally barred under [state] law." *Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Hernandez's ineffective assistance of trial counsel claim is now procedurally barred, because the California Supreme Court refused to address the claims in Hernandez's petition for review on the grounds that it was filed late.

■ 2. Although Hernandez's claims are now exhausted, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray,* 518 U.S. at 162. Hernandez contends that the late filing resulted from an error by his appellate counsel that amounted to ineffective assistance. As a result of the alleged ineffective assistance of his appellate counsel, Hernandez claims that we should find cause to excuse his procedural default and reach the merits of the claims in his federal habeas petition.

■ Counsel's act or omission will not establish cause for procedural default unless it constitutes ineffective assistance under the Sixth Amendment. *Murray v. Carrier,* 477 U.S. 478, 487–88, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). There is no constitutional right to counsel on discretionary appeals, *see Ross v. Moffitt,* 417 U.S. 600, 610–11, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), and thus retained counsel's ineffective assistance provided on a discretionary appeal does not amount to a violation of the Sixth Amendment, *see*

*Wainwright v. Torna,* 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (finding no ineffective assistance where counsel failed to file a timely application for certiorari to the state supreme court because there is no constitutional right to counsel to pursue discretionary state appeals). For this reason, there is no merit to Hernandez's ineffective assistance of appellate counsel claim, and any error of appellate counsel that led to default of Hernandez's claims in state court cannot constitute cause to excuse the procedural default in federal habeas proceedings. *See Coleman v. Thompson,* 501 U.S. 722, 757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Thus, Hernandez has failed to show cause to excuse the procedural default on his ineffective assistance of trial counsel claim, and the district court properly dismissed his habeas petition.

The decision of the district court is AFFIRMED.