

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Mowla v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4165

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mowla v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1669.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1669

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4165

NAEEMGOLAM MOWLA;
KISWARA PARVEEN MOWLA;
TAHASHANJIM MOWLA,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA Nos. A72-784-760, A73-675-573
and A73-664-914)
Immigration Judge:  Honorable Annie S. Garcy

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2008

Before:  SCIRICA, Chief Judge, and RENDELL, Circuit Judges
and THOMPSON, *District Judge.

(Filed: January 30, 2008)

---

*Honorable Anne E. Thompson, Senior Judge of the United States District Court for the
District of New Jersey, sitting by designation.

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

Naeemgolam Mowla, with his wife, Kiswara, and son, Tahashanjim, as derivative riders, petitions for review of the order of the Board of Immigration Appeals ("BIA") denying petitioner's third motion to reopen. Mowla argues that the BIA ignored his due process claim regarding counsel's ineffectiveness and abused its discretion in denying petitioner's motion to reopen. For the reasons below, we will deny Mowla's petition for review.

Petitioners, natives and citizens of Bangladesh, were admitted to the United States on November 23, 1993, with authorization to remain until May 22, 1994. On February 28, 1994, petitioner Naeemgolam Mowla applied for asylum with his wife and son as derivative riders on his application. His application was denied, and, after a hearing on the merits, the IJ denied petitioners' requests for asylum and withholding of removal, a decision that the BIA and this Court subsequently affirmed.

On July 23, 2004, petitioners filed a motion to reopen, arguing that political situation had become worse and lead petitioner's brother had been attacked. The BIA denied the motion. Petitioners appealed to this Court, but appellate counsel defaulted on the filing of the brief and appendix and the appeal was dismissed. A second motion to reopen was filed in which petitioners argued that counsel had been ineffective. The BIA

denied the motion for exceeding numerical limitations, failing to show changed country conditions, and failing to meet the *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), criteria necessary to show ineffective assistance of counsel. Petitioners filed a third motion to reopen on May 22, 2006 on the basis that country conditions had changed after recent elections, lead petitioner's brother had gone into hiding after attacks, and prior counsel had been ineffective. The motion was accompanied by a declaration of counsel, an affidavit from Mowla, the BIA's November 2, 2004 decision, two web articles, and petitioners' complaint against their prior attorney. App. at 6-26. On August 22, 2006, the BIA denied that motion for exceeding numerical limitations, failing to establish that recent Bangladeshi elections were material to petitioners' claims, and not showing that the alleged ineffective assistance of counsel prejudiced their case before the IJ or BIA, as required by *Lozada*.

A motion to reopen is typically barred after ninety days. 8 C.F.R. § 1003.2(c)(2). This limit does not apply however if the motion seeks relief "based on changed circumstances arising in the country [of removal], if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). In addition to submitting previously unavailable evidence and showing worsened country conditions, the motion to reopen "must establish *prima facie* eligibility for [the requested relief]." *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004). We will not disturb the BIA's denial of a motion to reopen unless it is "'arbitrary,

3

irrational, or contrary to law.'" *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005) (citations omitted).

The BIA did not act arbitrarily in ruling that petitioners failed to establish changed country conditions. Mowla failed to present objective evidence demonstrating that the country conditions had worsened since his original hearing or that the changed conditions, in this case Bangladeshi elections, would affect him. The articles petitioners submitted did not show changed circumstances; rather, one suggested improved country conditions and the other confirmed a political situation that remains turbulent. Mowla's affidavit similarly provided little new information. In the affidavit, he did claim that his brother had been attacked because his brother was politically active; this, however, contradicted previous testimony. It was not an abuse of discretion for the BIA to consider the evidence insufficient to show materially changed country conditions.

Additionally, petitioners contend that the BIA "improperly ignored the due process violation arising from [prior counsel's] ineffective assistance." Appellant's Br. at 16. Their claim of ineffective assistance stems from prior counsel's failures in filing an appeal of the BIA's denial of their initial motion to reopen to this Court. Petitioners, however, have no constitutional right to effective assistance of counsel in civil proceedings at the appellate level. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Magala v. Gonzales*, 434 F.3d 523, 525 (7th Cir. 2005). Even if petitioners did have a due process claim, the BIA considered and rejected their arguments in both the

4

second and third motions to reopen. On both occasions, the BIA found that petitioners had failed to show any prejudice to the proceedings before the IJ or BIA, as required by *Lozada*. The BIA's denial of the petitioners' motion to reopen is supported by the record and cannot be construed as arbitrary, irrational, or contrary to law.

Accordingly, we will deny the petition for review.