12 So.3d 968 (2009)
STATE ex rel. Michael WEARY
v.
STATE of Louisiana.
No. 2008-KP-2673.
Supreme Court of Louisiana.
June 26, 2009.
PER CURIAM.[1]
Granted. This case is remanded to the district court for further proceedings. In accord with the criteria and procedures set forth in La.S.Ct. Rule 17, § 13, the district court is directed to enroll Edward Q. Cassiday, of the firm of Fredrikson & Byron, Minneapolis, Minnesota, as co-counsel of record pro hac vice associated with the Capital Post-Conviction Project of Louisiana to represent relator, Michael Weary, in post-conviction proceedings. The district court is further directed to provide counsel with 180 days from the date of enrollment in which to file a supplemental application for post-conviction relief on relator's behalf.
KNOLL, J., dissents in part and concurs in part, and assigns reasons.
VICTORY, J., dissents in part and concurs in part for reasons assigned by Justice KNOLL.
WEIMER, J., dissents in part & concurs in part, and assigns reasons.
KNOLL, Justice, dissenting in part and concurring in part from the granting of the writ.
Relator was convicted of first-degree murder and sentenced to death in March 2002. On April 24, 2006, this Court affirmed the conviction and sentence on direct appeal[1] and the United States Supreme Court denied certiorari on November 27, 2006.[2] In December 2006, relator filed a "shell" application for post-conviction relief in the district court.[3] The district court denied relator's pro se application in February 2007. This Court, however, issued an order setting aside the district court's ruling, directing that court to appoint the Capital Post Conviction Project of Louisiana (CPCPL) to represent relator, and to provide counsel "reasonable opportunity to prepare and litigate expeditiously a supplemental application for post-conviction relief"[4] On April 1, 2008, the district court subsequently appointed CPCPL to represent relator, and gave it 45 days in which to file a supplemental application for post-conviction relief. CPCPL then requested a status conference with the court. The trial court refused to conduct the conference, but gave CPCPL until October 17, 2008 to *969 file its supplemental application. On October 6, 2008 CPCPL moved to vacate the court's order, and the trial court denied that motion on October 14, 2008. The instant application to this Court followed.
According to the CPCPL,[5] it is overworked, understaffed, and underfunded. To help relieve its burden, CPCPL, in the instant case, has secured outside counsel, Mr. Edward Q. Cassiday, of the firm Fredrikson & Byron, Minneapolis, Minnesota, who has agreed to enroll as pro bono counsel for relator's post conviction proceedings. I recognize that newly appointed counsel, whether secured by CPCPL or assigned by the district court, needs adequate time to review a case.[6] However, the CPCPL maintains that relator must be afforded time to relaunch a reinvestigation of the entire case, citing current American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases ("ABA Guidelines")[7] as authority. I note that many of the ABA Guidelines are merely suggestive and not law.[8] Indeed, I do not believe the law requires that counsel reinvestigate the entire case, as though the case had never been investigated, brought to trial, and affirmed on appeal:
"[t]here is no constitutional right to an attorney in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (applying the rule to capital cases). Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. See Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance)."
Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991).
Instead of steeping himself in precatory guidelines, I would suggest allowing newly appointed counsel for relator no more than 90 days to file a supplemental application for post-conviction relief on relator's behalf, during which time counsel focus his review of the record consistent with the rules for post-conviction relief of Louisiana, addressed in our State's law, i.e. La. C.Cr.P. art. 924 et seq., in particular La. C.Cr.P. art. 930.3.[9]
*970 The delays caused in post-conviction proceedings by filing "shell" applications and the granting of continuances have unreasonably delayed the finality of death penalty cases. This practice has effectively stopped the State from carrying out the sentence in capital cases at a great expense to the State. It appears our courts have had little effect in discouraging these delaying techniques. It is probably appropriate now for the Legislature to address this aspect of post-conviction proceedings if this State is going to continue to have capital sentences.
For these reasons, I respectfully dissent in part and concur in part.
WEIMER, J., dissenting in part and concurring in part.
I believe ninety (90) days would be adequate time in which to file a supplemental application for post-conviction relief on relator's behalf.
NOTES
[1] Retired Judge Philip Ciaccio, assigned as Justice ad hoc, sitting for Justice Chet D. Traylor, now retired.
[1] See State v. Weary, 03-3067 (La 04/24/06), 931 So.2d 297.
[2] See Weary v. Louisiana, 549 U.S. 1062, 127 S.Ct. 682, 166 L.Ed.2d 531 (2006).
[3] The "shell" application was filed solely for purposes of tolling the one-year prescription period for filing for federal habeas corpus relief from state court convictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. 2244(d)(1).
[4] See State ex rel. Weary v. State, 07-1152 (La.02/24/08), 977 So.2d 941.
[5] Although under La. R.S. 15:149.1 the Louisiana Legislature vested appointment power for capital post-conviction counsel exclusively to the Louisiana Indigent Defense Assistance Board (LIDAB) (now LPDB, the Louisiana Public Defender Board), and LIDAB, in turn, has delegated power to CPCPL, I would like to take this opportunity to point out that CPCPL, does not have the "market" on handling capital post conviction proceedings in this State.
[6] In non-capital cases, La.C.Cr.P. art. 930.8 requires an inmate to file for post-conviction relief within two years of the finality of his conviction and sentence.
[7] 31 Hofstra L.Rev. 913 (2003)
[8] See Rompilla v. Beard, 545 U.S. 374, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005) and Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) two recent Supreme Court cases holding that trial counsel had rendered ineffective assistance at the penalty phase, and mentioning the ABA standards as an objective measure for evaluating the reasonableness of counsel's representation.
[9] Art. 930.3. Grounds: If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:

(1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;
(2) The court exceeded its jurisdiction;
(3) The conviction or sentence subjected him to double jeopardy;
(4) The limitations on the institution of prosecution had expired;
(5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or
(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.
(7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted. La.C.Cr.P. Art. 930.3 (2009)