NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 21, 2011[*]
Decided September 22, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3692

| | |
|---|---|
| SIDNEY McCRAY, | Appeal from the United States District |
| *Petitioner-Appellant.* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 10 C 463 |
| DAVE REDNOUR, | |
| *Respondent-Appellee.* | Marvin E. Aspen, *Judge.* |

**O R D E R**

Sidney McCray, an Illinois state prisoner serving a 45-year sentence for first-degree murder, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court granted a certificate of appealability on two issues: whether trial counsel was ineffective during a suppression hearing for failing to present photographs to show that police physically coerced McCray to confess, and whether appellate counsel was ineffective

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

for failing to raise several issues in his direct appeal to the Illinois Appellate Court and in his petition to the Illinois Supreme Court. We affirm.

McCray was arrested in 1999 for home invasion, armed robbery, and the murder of Dwayne Hill. Three months earlier, police had found Hill dead of multiple gunshot wounds in an alley near his apartment. Hill's apartment had also been robbed. Police interviewed several witnesses who fingered McCray in the robbery and murder. Police then sought out McCray. When they knocked on the door of his apartment and announced their presence, McCray attempted to elude them through the back of the apartment, but retreated when he saw police there. Police eventually found McCray hiding under a pile of dirty laundry, and transported him to the police station at 11:30 p.m. Police administered *Miranda* warnings to McCray, interrogated him, and at 3:30 a.m. he confessed to the murder.

Before trial McCray's attorney moved to suppress McCray's confession. Counsel argued that police coerced McCray into confessing through verbal threats and promises of leniency. The trial court denied the motion.

At trial, McCray admitted that he signed a statement confessing to the murder but explained that he did so only because police told him he would receive a shorter sentence if he cooperated. The police detective who interrogated McCray also testified and denied ever threatening him or offering him leniency if he confessed. McCray was convicted by a jury of first-degree murder, home invasion, and armed robbery and sentenced to 45 years' imprisonment. The Illinois Appellate Court upheld McCray's conviction on direct appeal, and the Illinois Supreme Court denied McCray's petition for leave to appeal.

McCray petitioned for state postconviction relief, *see* 725 ILCS 5/122-1, challenging his arrest and conviction and raising allegations of ineffective assistance of trial and appellate counsel. McCray asserted that: 1) there was no probable cause for his arrest, 2) the indictment cited outdated versions of the statutes for first-degree murder, home invasion, and armed robbery, 3) trial counsel was ineffective for failing to argue that his indictment referenced the wrong version of the statutes, and 4) trial counsel was ineffective for failing to call alibi witnesses to testify to McCray's whereabouts on the day of the murder. McCray also attached photographs his girlfriend claimed to have found discarded in the trash at the police station—photographs that, he maintained, showed he was beaten into confessing by police. The state trial court denied the petition, finding that the indictment referenced the correct statutes and that McCray had waived any challenge to his arrest by not raising the issue on direct appeal. As to the claims of ineffective assistance of counsel, the court found that McCray had not shown deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).

On appeal, McCray's counsel moved to withdraw. After reviewing the record and McCray's pro se response, the Illinois Appellate Court found no issues of arguable merit, granted counsel's motion to withdraw, and affirmed the judgment of the trial court. The Illinois Supreme Court denied leave to appeal.

McCray then petitioned in federal court for a writ of habeas corpus, asserting among other claims the two that form the basis of this appeal. The district court denied the petition. Regarding McCray's argument that his trial counsel was ineffective by not showing that his confession was coerced, the court found McCray's allegation of coercion not supported by the record, and therefore, agreed with the state court that McCray's claim of ineffective assistance was meritless. As to his claim of ineffective assistance of appellate counsel on direct appeal, the district court also agreed with the state court that the claims McCray wanted counsel to raise lacked merit, and that counsel was not ineffective for failing to raise them.

McCray now maintains that trial counsel was ineffective at the suppression hearing for failing to present photos showing that he was physically coerced to confess. McCray says that he did not testify at trial about the coercion because he expected his counsel to address the issue. Since these coerced statements were the primary evidence used to convict him, he continues, counsel's failure to present the photos constituted ineffective assistance.

Since the state appellate court considered McCray's claims of ineffective assistance of counsel on the merits, we can overturn its decision only if it is contrary to or involves an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 131 S. Ct. 770, 784–86, 788 (2011); *Sussman v. Jenkins*, 636 F.3d 329, 349–50 (7th Cir. 2011). McCray cannot make such a showing. Although the state appellate court rendered its decision in the context of counsel's motion to withdraw, the court reviewed the record as well as McCray's postconviction petition, and found no issues of arguable merit. As the district court noted, at trial neither McCray nor his original counsel—who met with McCray following the police interrogation, and testified as a witness for the defense—mentioned McCray's being beaten during the interrogation. Since a fairminded jurist could conclude that McCray's argument lacked merit and that counsel was not ineffective for failing to pursue a nonmeritorious motion to suppress, *see Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006), the appellate court reasonably applied *Strickland* in reaching its decision.

McCray also argues that the state appellate court erred in denying his claim that his appellate counsel provided ineffective assistance. He asserts that appellate counsel was ineffective by not arguing on direct appeal that police illegally searched his apartment and arrested him without probable cause. McCray acknowledges that his appellate counsel

focused on claims "thought to prevail" but nonetheless argues that he was prejudiced by his counsel's decision not to present these claims.

The state appellate court's rejection of these claims was not an unreasonable application of clearly established federal law. At trial an officer testified that on the night of the arrest, another resident of McCray's apartment permitted police to enter. By this time, police had statements from multiple witnesses identifying McCray as the murderer, and witness statements can be sufficient to establish probable cause. *See Ebert v. Gaetz*, 610 F.3d 404, 412–13 (7th Cir. 2010). Since there was evidence that police had probable cause and permission to enter the apartment, it was not unreasonable for the state court to conclude that appellate counsel's performance was adequate despite his not raising these claims. *See Martin v. Evans*, 384 F.3d 848, 852 (7th Cir. 2004); *English v. Cody*, 241 F.3d 1279, 1283 (10th Cir. 2001).

McCray next argues that appellate counsel was ineffective by not arguing that he was tried and convicted under Illinois criminal statutes that were not in effect at the time of his offense. According to McCray, his indictment cited the 1992 version of the Illinois Compiled Statutes, yet the statutes relating to murder, home invasion, and armed robbery were all amended in 1998.

McCray's argument that he was indicted, convicted, and sentenced under statutes that were not in effect at the time of his offense is meritless, so the state court reasonably applied *Strickland* when it denied his ineffective-assistance claim. As the district court correctly noted, the 1998 amendments to the Illinois Compiled Statutes did not alter the substantive portions of the crimes McCray was charged with, so his indictment was sufficient despite citing the wrong year for the first-degree-murder, home-invasion, and armed-robbery statutes. *See United States v. Fassnacht*, 332 F.3d 440, 444–45 (7th Cir. 2003).

In his petition to the district court, McCray added a new claim, asserting that appellate counsel also was ineffective by not arguing that sentencing McCray under the Illinois Truth-in-Sentencing Act, 730 ILCS 5/3-6-3, violated the Ex Post Facto Clause because this act was struck down by the Illinois Supreme Court and later reenacted. *See People v. Reedy*, 708 N.E.2d 1114, 1115 (Ill. 1999).

McCray did not raise the argument about the Truth-in-Sentencing Act in state court, but the state waived any argument about procedural default by failing to raise it. *See Kaczmarek v. Rednour*, 627 F.3d 586, 593 (7th Cir. 2010); *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004). Nonetheless, the Illinois General Assembly passed curative legislation in June 1998 addressing the constitutional defects the Illinois Supreme Court identified in the Truth-In-Sentencing Act. *See Reedy*, 708 N.E.2d at 1121. Since the revised act was in effect

before October 29, 1998—the date of McCray's offense—McCray's argument lacks merit, and appellate counsel was not ineffective for failing to raise it.

McCray also argues that appellate counsel should have argued that trial counsel was ineffective by failing to: 1) challenge the search and arrest, 2) argue that the Truth-In-Sentencing Act violates the Ex Post Facto Clause, 3) seek to suppress McCray's confession based on police coercion, and 4) call alibi witnesses at trial.

As we have explained, and as the district court concluded, the first three arguments lack merit, so the state appellate court could readily have concluded that McCray was not prejudiced by appellate counsel's failure to raise these claims. *See Martin*, 384 F.3d at 852. As to his remaining claim about alibi witnesses, the state trial court denied postconviction relief because McCray did not submit affidavits from these witnesses or explain the significance of their potential testimony. Although McCray attached to his postconviction petition an affidavit from his girlfriend, claiming to be with him at his apartment at the time of the murder, this account of events was contradicted by McCray's own trial testimony that he was at his sister's house on the day of the murder. McCray put forth no evidence that his trial counsel was even aware that McCray's girlfriend could serve as an alibi witness. The state appellate court could reasonably conclude that this argument also lacked merit and that counsel's performance was thus adequate.

Finally, McCray argues in his reply brief that his appellate counsel was ineffective for failing to raise a range of claims in his petition to the Illinois Supreme Court. But a state discretionary appeal, such as an appeal to the Illinois Supreme Court, is not an appropriate basis for a claim of ineffective assistance of counsel because a petitioner "does not have a constitutional right to counsel to pursue discretionary state appeals." *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982); *see Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010).

Accordingly, we AFFIRM the judgment of the district court.