# Supreme Court of Florida

No. SC21-673

**IN RE: AMENDMENTS TO THE FLORIDA RULE OF APPELLATE PROCEDURE 9.141.**

May 19, 2022

PER CURIAM.

We have for review a report of The Florida Bar's Appellate Court Rules Committee (Committee) proposing amendments to Florida Rule of Appellate Procedure 9.141(c) (Review Proceedings in Collateral or Postconviction Criminal Cases; Petitions Seeking Belated Appeal or Belated Discretionary Review). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(f).

The Committee proposes two sets of amendments to rule 9.141(c). The Committee first proposes merging the requirements for belated appeal and belated discretionary review in rule 9.141(c)(4)(F)(i). It next proposes adding new subdivision (c)(4)(G), under which a criminal defendant seeking belated discretionary

review is required to identify a basis for invoking the Court's jurisdiction and to include a copy of the decision from which review is sought. We asked the Committee to consider proposing both sets of amendments, as the current version of rule 9.141(c) neither requires a criminal defendant to allege a basis for the Court's jurisdiction when petitioning for belated discretionary review, nor does it authorize belated discretionary review in cases where counsel, due to neglect or mistake, fails to timely file a notice to invoke on behalf of a criminal defendant.[1]

---

1. The requirements for seeking belated discretionary review in rule 9.141(c)(4)(F) are largely derived from *Sims v. State*, 998 So. 2d 494 (Fla. 2008), where we held that as part of a criminal defendant's right to the effective assistance of counsel on direct appeal, appellate counsel must timely notify the defendant of an appellate court decision and advise him or her of the right to seek discretionary review in a pro se capacity. *See id.* at 499, 501 n.6. However, as criminal defendants do not have a constitutional entitlement to counsel as a matter of right in discretionary proceedings, rule 9.141(c)(4)(F) does not currently authorize belated discretionary review in cases where counsel, due to neglect or mistake, fails to timely file a notice to invoke on behalf of a criminal defendant. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (criminal defendant had no constitutional right to counsel to pursue discretionary state appeal and was thus not deprived of the effective assistance of counsel by his attorney's failure to timely petition for review); *Ross v. Moffitt*, 417 U.S. 600, 614-17 (1974) (no constitutional right to counsel to pursue discretionary state appeals or requests for review in U.S. Supreme Court); *see also Sims*, 998 So. 2d at 502 n.7 (distinguishing *Torna* and stating that the Court's

The proposed amendments were approved by the Board of Governors of The Florida Bar, and both the Committee and the Court published the amendments for comment in *The Florida Bar News*. No comments were received following either publication.

Having considered the Committee's report, we adopt new subdivision (c)(4)(G) as proposed by the Committee, but decline to adopt the Committee's proposed amendments to subdivision (c)(4)(F)(i). We instead amend subdivision (c)(4)(F)(ii) by deleting the phrase "unrelated to counsel's action or inaction." This change will allow for a case-by-case assessment of whether, and to what extent, counsel's alleged neglect or mistake "interfered with the petitioner's ability to file a timely . . . notice to invoke." Fla. R. App. P. 9.141(c)(4)(F)(ii).

Accordingly, Florida Rule of Appellate Procedure 9.141 is amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on July 1, 2022, at 12:01 a.m.

decision is grounded in the effective assistance of appellate counsel during direct appeal).

It is so ordered.

POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
CANADY, C.J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

CANADY, C.J., concurring in part and dissenting in part.

I concur in the creation of new subdivision (c)(4)(G), which requires a petitioner to show the basis for invoking discretionary review jurisdiction. But I dissent from the revision of subdivision (c)(4)(F)(ii), which appears to expand the scope of belated discretionary review. The appropriateness of expanding the availability of belated discretionary review has not been established.

Original Proceeding – Florida Rules of Appellate Procedure

Laura A. Roe, Chair, Appellate Court Rules Committee, St. Petersburg, Florida, Honorable Stephanie Williams Ray, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

- 4 -

# Appendix

**RULE 9.141.    REVIEW PROCEEDINGS IN COLLATERAL OR POSTCONVICTION CRIMINAL CASES**

**(a)-(b)**    [No Change]

**(c)    Petitions Seeking Belated Appeal or Belated Discretionary Review.**

(1)-(3)    [No Change]

(4)    *Contents.* The petition shall be in the form prescribed by rule 9.100, may include supporting documents, and shall recite in the statement of facts:

(A)-(D)    [No Change]

(E)    the nature of the relief sought; ~~and~~

(F)    the specific acts sworn to by the petitioner or petitioner's counsel that constitute the basis for entitlement to belated appeal or belated discretionary review, as outlined below:

(i)    [No Change]

(ii)    a petition seeking belated appeal or belated discretionary review must identify the circumstances ~~unrelated to counsel's action or inaction~~, including names of individuals involved and date(s) of the occurrence(s), that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal or notice to invoke, as applicable~~.~~; and

(G)    if seeking belated discretionary review, the basis for invoking discretionary review jurisdiction with a copy of the district court's decision attached.

(5)-(6)    [No Change]

**(d)**    [No Change]

- 5 -

## Committee Notes

[No Change]