United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 03-20273

_____

MARION BUTLER DUDLEY,

Petitioner-Appellant,

versus

DOUG DRETKE, Director, Texas Department of
Criminal Justice, Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 01-CV-1506

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Marion Butler Dudley ("Dudley") seeks the issuance of a Certificate of Appealability ("COA")

to appeal the district courts's dismissal of his 28 U.S.C. § 2254 claim. Dudley claims the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court incorrectly found three of Dudley's habeas claims to be procedurally defaulted. The three claims Dudley seeks a COA for include: 1) that the trial court erred in replacing his original counsel; 2) that his trial counsel did not provide effective assistance when they failed to investigate and present mitigating evidence; and 3) that the evidence to support his death penalty sentence was constitutionally deficient.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a COA may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for issuing a COA under AEDPA is whether, "jurists of reason could debate whether . . . the petition should have been resolved in a different manner. . . ." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. However, the COA determination only "requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1032 (2003). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Id*. The issuance of a COA is not *pro forma* or a matter of course, and the petitioner must still show that the claim is debateable. *Id*. at 1040.

The district court found Dudley's claim that the state trial court violated his Sixth Amendment right to counsel by replacing his original trial counsel was procedurally barred because his initial state habeas petition did not include a claim relating to the replacement of his trial counsel. After the state trial habeas court entered its proposed findings of facts and conclusions of law, Dudley sought to add two claims relating to the replacement of his original counsel. The state habeas court construed this

as a successive habeas application. The Texas Court of Criminal Appeals agreed and dismissed the application as an abuse of the writ. "[A] state procedural default of any federal claim will bar federal habeas unless the petitioner demonstrates cause and actual prejudice." *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

Dudley argues that inadequate representation from his state habeas counsel constitutes cause for this procedural default. "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation. . . ." *Coleman*, 501 U.S. at 753. Furthermore, there is no constitutional right to an attorney in post-conviction proceedings, therefore a petitioner cannot claim constitutionally ineffective counsel in such proceedings. *Coleman*, 501 U.S. at 752 (*citing Wainwright v. Torna*, 455 U.S. 586 (1982); *Murray v. Giarratano*, 492 U.S. 1, 10 (1989).).

The district court found two of Dudley's claims were procedurally barred because those claims were not raised in his state habeas petition: Dudley's claim that his trial counsel provided ineffective assistance of counsel when they failed to investigate and present mitigating evidence and his claim that the evidence to support his death penalty conviction was constitutionally insufficient. An applicant for federal habeas must "first present those claims to the state court and must exhaust state remedies." *Martinez v. Johnson*, 225 F.3d 229, 238 (5th Cir. 2001). 28 U.S.C. § 2254(b). Unexhausted claims are procedurally barred, but a federal habeas petitioner can overcome this procedural bar by "demonstrat[ing] cause for the defaults and actual prejudice." *Martinez*, 225 F.3d at 239.

Dudley claims his state habeas counsel was not competent which he claims provides adequate cause for his failure to present his unexhausted claims to the state courts. "Attorney ignorance or

inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation" *Coleman*, 501 U.S. at 753.  In *Martinez* this Court held an ineffective assistance of counsel claim was procedurally barred because it was not presented to the state court either at trial or in the state habeas claim. *Martinez*, 255 F.3d at 240-41. at 240.  Specifically *Martinez* held "ineffective assistance of habeas counsel cannot provide cause for a procedural default."  *Id.* at 241.  Without a showing of cause, a state procedural default of a federal claim acts to bar federal habeas. *Coleman* 501 U.S. at 748.

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.  Reasonable jurists could not disagree that the district court properly invoked the procedural bar for each of the three claims Dudley raises in his application for a COA.  Therefore the application for a Certificate of Appealability is DENIED.