

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2008

# Thiodoris v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3820

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Thiodoris v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3820

———————

YOSEPH THIODORIS; KLAUDIA CHRISTINA MURTINI;
MAGDALENA INES THIORESTA; REGINA FLORENCIA FERTHIO

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY

Respondents

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A95-190-410/411/412 and 413)

_____

Submitted under Third Circuit LAR 34.1 (a)
on March 4, 2008

Before:  SCIRICA, Chief Judge, FISHER and ROTH, Circuit Judges

(Opinion filed: May 27, 2008)

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Yoseph Thiodoris, his wife Klaudia Christina Murtini, and their children, Magdalena Ines Thioresta and Regina Florencia Ferthio (Petitioners), seek review of a decision by the Board of Immigration Appeals (BIA) declining to reopen their appeal from an order of deportation. Petitioners argue that they were denied effective assistance of counsel as a result of their decision to use an immigration consultant for certain phases of their application for asylum instead of hiring an attorney. Finding no error, we will deny the petition for review.

## I. **BACKGROUND**

Petitioners are citizens of Indonesia and practicing Christians. Petitioner Yoseph Thiodoris is ethnically Chinese, while his wife is ethnically Javanese. Petitioners entered the United States in July of 2001 on tourist visas, and applied for asylum in October of 2001. They were then placed in removal proceedings when a Notice to Appear was served upon them on January 13, 2003. At a hearing on February 25, 2003, the Immigration Judge (IJ) strongly suggested that Petitioners retain an attorney and stop using the non-lawyer immigration consultant who had been helping them prepare their papers up until that point. When the hearing resumed on June 17, 2003, Petitioners appeared with an attorney, who continued to represent them throughout the proceedings before the IJ. The IJ denied their application for asylum and withholding of deportation in an oral decision issued on July 28, 2004.

2

Petitioners, acting *pro se*, appealed the IJ's decision to the BIA. On appeal, they argued that the immigration judge inappropriately forced them to use an attorney, that the attorney they retained provided ineffective assistance, and that the IJ erred in his substantive evaluation of their claim. The BIA dismissed Petitioners' appeal on December 27, 2005. Petitioners did not petition for review of the BIA's decision; they now claim that their immigration consultant promised to do so and then failed to file the appropriate papers.

Petitioners filed this motion to reopen with the BIA on March 27, 2006. The BIA denied the motion to reopen on July 20, 2006. Petitioners filed a timely petition for review with this Court on August 21, 2006.

We have jurisdiction to review the BIA's denial of the motion to reopen pursuant to 8 U.S.C. § 1252 (2005), as amended by The REAL ID Act of 2005, § 106, Pub. L. No. 109-13, Div. B, 119 Stat 231, which confers exclusive jurisdiction on the courts of appeals to review final orders of removal. Petitioners' petition for review was timely filed and venue is proper because the proceedings before the IJ were concluded in Philadelphia, Pennsylvania.

We review the BIA's denial of a motion to reopen only for abuse of discretion. *Mahmood v. Gonzales*, 427 F.3d 248, 250 (3d Cir. 2005). Under the abuse of discretion standard, the BIA's decision is reversible only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002). We review constitutional

3

issues and legal questions under the *de novo* standard, giving deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to the BIA's interpretation of the Immigration and Nationality Act, where appropriate. *See Valansi v. Ashcroft*, 278 F.3d 203, 207 (3d Cir. 2002); *Ilchuk v. Att'y Gen.*, 434 F.3d 618, 621 (3d Cir. 2006), *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999).

## II. <u>DISCUSSION</u>

Petitioners contend that they were provided ineffective assistance of counsel by the immigration consultant that they hired to assist them in preparing their application for asylum before they retained an attorney and to assist them in prosecuting their appeal after the IJ ruled against them. They specifically argue that the consultant was ineffective because (1) he provided legal advice despite a clause in the consulting agreement stating that the consultant could not "give legal advice or provide legal services" and (2) the consultant promised to file a petition for review of the BIA's denial of Petitioners' appeal and then failed to do so.

We have not addressed in a precedential opinion the issue of whether relief may be granted for ineffective assistance by an immigration consultant, and we do not need to do so here. Any prejudice created by ineffective assistance prior to the February 2003 hearing was cured when the IJ held open the hearing and allowed Petitioners to re-file their papers after consulting with an attorney. Lack of prejudice would be fatal to a claim of ineffective assistance by an attorney, and we see no reason why the right would be

4

defined more broadly when applied to the conduct of an immigration consultant. *See Zheng v. Gonzales*, 422 F.3d 98, 107 (3d Cir. 2005). Similarly, Petitioners cannot complain about the handling of their appeal to the BIA because there is no constitutional right to effective assistance of counsel in civil proceedings at the appellate level. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982).

There remains the issue of whether the consultant's failure to file a petition for review by this Court after promising to do constitutes an extraordinary circumstance warranting the reopening of Petitioners' case. While the consultant's behavior resembles behavior that the Ninth Circuit has found to constitute an extraordinary circumstance, *see, e.g., Lopez v. INS*, 184 F.3d 1097, 1099-1101 (9th Cir. 1999) (finding extraordinary circumstances where an individual posing as an attorney promised to appear on immigrant's behalf at a hearing, informed the immigrant that he need not attend, and then failed to appear, resulting in a ruling of deporting in absentia), the failure to file for a second level of appellate review is far less prejudicial than the failure to appear at a deportation hearing. In addition, it is not clear how Petitioners could have reasonably relied upon a non-attorney to file a legal brief on their behalf with this Court. Considering the totality of the circumstances, we cannot conclude that the BIA abused its discretion by declining to reopen Petitioners' case.

## III. **CONCLUSION**

For the foregoing reasons, we will **deny** the petition for review.

5