TRAYLOR, Justice,
dissenting from the granting of the writ.
_JjRelator filed an application with this court seeking to overturn the denial of her “shell” application by the trial court and to vacate the wan-ant signed by the trial court setting an execution date of December 8, 2008. The application also asks this court to grant relator a reasonable time in which to prepare a supplemental application for post-conviction relief.
This court has previously, on May 16, 2008, issued an order setting aside an earlier warrant of execution, and ordering the trial court to provide relator an addition 90 days in which to file a supplemental application setting forth specific substantive claims for relief. On the last day of the extension of time already granted by this court, counsel for relator filed another motion for an extension of time in which to file a supplemental application.
Although counsel for relator, the Capital Post Conviction Project of Louisiana (CPCPL), maintains that it must launch a reinvestigation of the entire case under current American Bar Association Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (“ABA Guidelines”),[1] I note that many of the guidelines are addressed to trial counsel, and that, with respect to postconviction proceedings, the ABA Guidelines are merely precatory. Indeed, I do not believe the law requires that counsel reinvestigate the entire case, as though the case |2had never been investigated, brought to trial, and affirmed on appeal:
“[tjhere is no constitutional right to an attorney in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Murray v. Gianutano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1(1989) (applying the rule to capital cases). Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. See Wain *718 wright v. Toma, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance).”
Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). Instead of precatory guidelines, I believe counsel for relator should focus on a review of the record consistent with the rules for post conviction relief addressed in our state’s law, i.e. La.C.Cr.P. art. 924 et seq.
CPCPL asserts that relator in the present case is fourteenth in line on its list of death row inmates awaiting the filing of post conviction applications, as though their priority system outweighs orders from this court. The CPCPL’s priority system is one of the reasons that it claims it is unable to comply with our earlier order or to expeditiously file an application for post conviction relief. I believe the solution to that problem is simple. I would relieve CPCPL of its appointment, set a rule to determine whether its behavior is sanctionable, and direct that the district court appoint outside counsel for this death row inmate.
For the foregoing reasons, I respectfully dissent from the granting of this writ or in providing even more time to CPCPL in which to file a supplement to its application for post conviction relief.

. 31 Hofstra L.Rev. 913 (2003).