**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-10740
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

STEPHEN MICHAEL EWING, also known as Stephen Michaels,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-30-2

Before DAVIS, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Stephen Michael Ewing appeals his jury trial convictions for conspiracy to defraud the Internal Revenue Service and multiple counts of tax evasion, mail fraud, making a false statement to a government agency, and making false statements in relation to health care matters. On appeal, Ewing argues only that his previously retained counsel provided ineffective assistance during pre-indictment discussions with the Government. Ewing asserts that his counsel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to advise him of the risks of his cooperation with the Government and failed to negotiate any sort of immunity agreement in return for his cooperation.

In the absence of a right to counsel, a defendant has no constitutional right to the effective assistance of counsel. *See Coleman v. Thompson,* 501 U.S. 722, 752 (1991); *Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982). The Supreme Court has held that the "right to counsel attaches only at or after the initiation of adversary judicial proceedings against the defendant." *United States v. Gouveia*, 467 U.S. 180, 187 (1984). Adversary judicial proceedings may begin "by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689 (1972).

In the instant case, although Ewing was warned in 2004 that he might have some criminal exposure, "adversary judicial proceedings" did not commence until an indictment was filed 2007. *See Gouveia,* 467 U.S. at 187; *Kirby,* 406 U.S. at 689. Because Ewing's Sixth Amendment right to counsel had not yet attached, he had no constitutional right to the effective assistance of counsel during his pre-indictment discussions with the Government. *See Coleman,* 501 U.S. at 752.

AFFIRMED.