FILED
United States Court of Appeals
Tenth Circuit

September 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ISIAH BO'CAGE VOS,

      Petitioner - Appellant,

v.

STEVEN TURLEY,

      Respondent – Appellee.

No. 12-4084
(D.C. No. 2:08-CV-00869 CW)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

      Isiah Bo'Cage Vos, a Utah prisoner proceeding pro se,[1] seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

petition for writ of habeas corpus. We deny his request for a COA and dismiss this

matter.

---

      * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

      [1] Because Mr. Vos is proceeding pro se, we construe his pleadings liberally. *See
Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d
972, 975 (10th Cir. 2009) ("[W]e must construe a [pro se litigant's] arguments liberally;
this rule of liberal construction stops, however, at the point at which we begin to serve as
his advocate.").

# I. BACKGROUND

Mr. Vos was convicted in Utah state district court of one count of first-degree felony murder with a firearm enhancement. He was sentenced to a term of five years to life, with an additional year to be served consecutively.

Mr. Vos appealed his conviction to the Utah Court of Appeals. He argued that his trial counsel had provided ineffective assistance and that the district court had erred in concluding that a statement he made to the police did not violate *Miranda v. Arizona*, 384 U.S. 436 (1966). *See State v. Vos*, 164 P.3d 1258, 1260 (Utah Ct. App. 2007). The court of appeals affirmed the district court.

Mr. Vos next filed a certiorari petition to the Utah Supreme Court, asserting only one challenge:

> Did the Court of Appeals err in concluding a defendant's unwarned statement is admissible at trial because the defendant was represented by counsel during custodial interrogation, where the defendant was not given *Miranda* warnings, was not otherwise informed of his Fifth Amendment rights against self-incrimination, and did not voluntarily waive those rights?

*Vos v. Turley*, 2:08-CV-869 CW, 2012 WL 1564590, at *1 (D. Utah May 2, 2012). The Utah Supreme Court summarily denied his petition. *State v. Vos*, 186 P.3d 347 (Utah 2007).

Mr. Vos then filed a § 2254 habeas petition in the United States District Court for the District of Utah. The district court identified six issues in Mr. Vos's briefs: that (1) counsel "inadequately investigated the situation before advising Petitioner to talk to the

police;" (2) counsel "inappropriately locked [him] into an 'imperfect self defense' defense, excluding other possible defenses;" (3) counsel "failed to require police to give [him] a *Miranda* warning;" (4) counsel "coerced [him] into giving" a statement to the police; (5) counsel "posed a conflict of interest when he talked, unauthorized, to a detective about [his] case, implicating [him];" and (6) the state courts mishandled his *Miranda* issue. *Vos*, 2012 WL 1564590 at *1.

The district court denied the petition. It concluded that (1) the ineffective assistance claims had not been exhausted in the state courts, (2) these claims would now be barred by state procedural law, and (3) Mr. Vos had not demonstrated any of the circumstances that would excuse this procedural default. It denied the *Miranda* claim because the Utah Court of Appeals did not err under the deferential lens of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## II.    DISCUSSION

Mr. Vos now argues that the federal district court (1) should have addressed his ineffective assistance claims regarding his appellate counsel's failure to present his ineffective assistance of trial counsel claims to the Utah Supreme Court; (2) should have granted him a stay so that he could exhaust his ineffective assistance of trial counsel claims before the Utah Supreme Court; (3) erred in ruling that his trial was not prejudiced when he was not read his *Miranda* rights; and (4) should have ruled that the Utah Court of Appeals incorrectly applied *Miranda*.

We may issue a COA "only if the applicant has made a substantial showing of the

-3-

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To meet this standard, Mr. Vos must show that the district court's resolution of any constitutional claims was either "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a district court dismisses a 28 U.S.C. § 2254 application on procedural grounds without reaching the underlying constitutional claim, the applicant must show that it is debatable whether there is "a valid claim of the denial of a constitutional right and that . . . it [is] debatable whether the district court was correct in its procedural ruling." *Id.*

In determining whether the COA applicant has made the required showing, we must account for AEDPA.  It provides that if a state court adjudicated the merits of a claim, a federal court cannot grant habeas relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).  "Therefore, for those of [Mr. Vos's] claims that were adjudicated on the merits in state court, AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of his request for COA." *Charlton v. Franklin*, 503 F.3d 1112, 1115 (10th Cir.2007) (quotations omitted).

With this framework in mind, we will address Mr. Vos's arguments.

**A.      Ineffective Assistance of Appellate Counsel**

Mr. Vos argues that the district court should have addressed the ineffective assistance of his appellate counsel in preparing his certiorari petition to the Utah Supreme Court.

The closest Mr. Vos came to raising the issue in the district court was in his reply to the Government's response to his § 2254 petition.  He wrote, "I am not knowledgable [sic] about the law & so this mistake was due to my counsel at the time's actions, & also me not knowing enough about the law to catch when something is wrong."  ROA at 565.  Mr. Vos did not adequately raise and argue the issue, and the district court therefore did not err in not addressing it.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).  Any claims not raised in the district court are waived on appeal.  *Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005).

Even if Mr. Vos had not waived this claim, there was no error.  Mr. Vos's filing to the Utah Supreme Court was a certiorari petition, and he "had no absolute right to appeal his convictions to the" Utah Supreme Court.  *Wainwright v. Torna*, 455 U.S. 586, 587 (1982); *see also* Utah Code Ann. § 78A-3-102 ("The Supreme Court has sole discretion in granting or denying a petition for writ of certiorari for the review of a Court of Appeals adjudication").  There is no "constitutional right to counsel to pursue discretionary state appeals or applications for review."  *Wainwright*, 455 U.S. at 587.  "Since [Mr. Vos] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his . . . counsel's failure to" preserve all his claims at the Utah Supreme Court.

*Id*. at 587-88.

The district court did not err in not addressing Mr. Vos's claim about ineffective assistance of appellate counsel regarding his writ of certiorari. We deny Mr. Vos's request for a COA on this issue.

**B. Failure to Grant a Stay**

Mr. Vos argues that the district court should have granted him a stay to exhaust his ineffective assistance of trial counsel claims before the Utah Supreme Court.

The district court dismissed Mr. Vos's ineffective assistance claims as procedurally barred. It found that Mr. Vos had failed to "properly present to the highest available Utah court the federal constitutional issues on which he seeks relief" and that Mr. Vos would now be ineligible to exhaust them. *Vos*, 2012 WL 1564590 at *1.

A federal court generally may not review a claim for federal habeas relief unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A claim has been exhausted when it has been 'fairly presented' to the state court." *Wilson v. Workman*, 577 F.3d 1284, 1294 (10th Cir. 2009). "Fair presentation means that the substance of the claim must be raised in state court. The allegations and supporting evidence must offer the state courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] constitutional claim." *Id*. (quotations omitted).

Even if a claim has not been fairly presented in state court, it will be "considered exhausted and procedurally defaulted for purposes of federal habeas relief" if there is an

anticipatory procedural bar. *Cannon v. Gibson*, 259 F.3d 1253, 1266 n.11 (10th Cir. 2001); see also *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("[I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted . . . ." (citation omitted)). An "[a]nticipatory procedural bar occurs when the federal courts apply [a] procedural bar to . . . [a] claim [not fairly presented to the state court] that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (quotations omitted).

The district court concluded that Mr. Vos could have presented his ineffective assistance of trial counsel claims in his certiorari petition to the Utah Supreme Court and that, because he did not, the claims would not be allowed now as a matter of Utah procedural law. *See* Utah Code Ann. § 78B-9-106(1) (2012) ("A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal."). Mr. Vos has not challenged the district court's conclusion that if he tried to bring his claims now in state court, they would be defaulted on an independent and adequate state procedural ground. Mr. Vos therefore faces an "anticipatory procedural bar" of the ineffective assistance claims that the district court found were not exhausted in state court. Those claims are thus procedurally defaulted for purposes of habeas review.

To overcome this procedural bar to habeas review, Mr. Vos must show either

-7-

"cause and prejudice or a fundamental miscarriage of justice." *Anderson*, 476 F.3d at 1140. To show cause, a petitioner must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply" with state law. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (abrogated on other grounds by *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012)). The "fundamental miscarriage of justice" exception "is a markedly narrow one, implicated only in extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quotations omitted) (alteration in original).

The district court found that Mr. Vos failed to show that some factor external to his defense impeded him from complying with the state's procedural rules. Mr. Vos had argued that his failure to comply was due to his lack of knowledge and the ineffectiveness of his appellate counsel. The district court rejected these arguments because Mr. Vos's lack of knowledge is a factor internal to his defense and because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Vos*, 2012 WL 1564590 at *2 (citation omitted) (quotations omitted) (alteration in original). The district court correctly concluded that Mr. Vos's lack of knowledge was an internal rather than an external factor to his defense. Moreover, as discussed above, Mr. Vos had no right to the effective assistance of counsel for his petition to the Utah

-8-

Supreme Court.  Any ineffectiveness of such counsel therefore cannot overcome the procedural bar to habeas review.  Because Mr. Vos has shown no cause to excuse his failure to comply with the state's procedural rule, we need not reach the question of actual prejudice.  See *Coleman*, 501 U.S. at 750.

Mr. Vos has not shown that "it [is] debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.  We deny his COA as to the ineffectiveness claim.

## C.    Mr. Vos's *Miranda* Claims

Mr. Vos argues that the Utah Court of Appeals misinterpreted *Miranda v. Arizona*, 384 U.S. 436, 467 (1966), in deciding that his rights were not violated when a statement he made to the police was admitted at trial.  The district court reviewed the Utah Court of Appeals decision under the AEDPA standard, which asks whether the state court reached "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).

The Utah Court of Appeals concluded that effective safeguards other than the *Miranda* warnings may be constitutionally permissible.  *Vos*, 164 P.3d at 1263; *see Miranda v. Arizona*, 384 U.S. at 467 ("we cannot say that the Constitution necessarily requires adherence to any particular solution for the inherent compulsions of the interrogation process").  In particular, it concluded that the presence of counsel at Mr. Vos's interrogation adequately substituted for *Miranda* warnings.  *Vos*, 164 P.3d at 1263; *see Miranda*, 384 U.S. at 466 ("The presence of counsel . . . would be the adequate

protective device necessary to make the process of police interrogation conform to the dictates of the privilege [against self-incrimination].”); *see also Edwards v. Arizona*, 451 U.S. 477, 485-86 (1981) (“The Fifth Amendment right identified in *Miranda* is the right to have counsel present at any custodial interrogation.”); *Michigan v. Mosley*, 423 U.S. 96, 112-13, 116-17 (1975) (“*Miranda* held that any confession obtained when not preceded by the required warnings or an adequate substitute safeguard was per se inadmissible in evidence. . . . [L]anguage in *Miranda* suggests that the presence of counsel is the only appropriate alternative”); *United States v. Guariglia*, 757 F. Supp. 259, 264 (S.D.N.Y. 1991) (“[I]f *Miranda* warnings are meant to protect a defendant until he can consult counsel, . . . they are not necessary when counsel is present.”); *Com. v. Simon*, 923 N.E.2d 58, 67 (Mass. 2010), *cert. denied*, 131 S. Ct. 181 (2010).

The federal district court concluded that the Utah Court of Appeals’ application of *Miranda* was not unreasonable. *Vos*, 2012 WL 1564590 at *6.

Mr. Vos argues here that his counsel’s presence at his interrogation was not an adequate substitute because his counsel failed to protect his rights against self-incrimination. But Mr. Vos confuses his challenge to the district court’s AEDPA review of the Utah Court of Appeals’ interpretation of *Miranda* with an ineffective assistance of counsel argument. The latter concerns his counsel’s alleged failure to protect his rights at his interrogation. The former concerns whether the state court’s decision on *Miranda* compliance was unreasonable. In short, the ineffective assistance of counsel argument and the *Miranda* challenge are distinct issues.

-10-

The district court held that the state court's application of *Miranda* was not unreasonable under AEDPA's standard of review. *See* 28 U.S.C. § 2254(d)(1). That is, it held that Mr. Vos has not demonstrated that the state court's interpretation and application of *Miranda* "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011). Under AEDPA, the district court did not need to decide whether the state court's interpretation of *Miranda* was correct, only if it was unreasonable. Reasonable jurists could not debate the district court's conclusion that the state court's *Miranda* analysis was not unreasonable. *See Slack*, 529 U.S. at 475. Accordingly, we deny Mr. Vos a COA on his *Miranda* claims.

## III. CONCLUSION

We deny Mr. Vos's request for a COA and dismiss this matter. Mr. Vos's request to proceed in forma pauperis is denied.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge