IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,371-01






EX PARTE JEREMY MIERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006CR6753B IN THE 186TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to imprisonment for life. The Thirteenth Court of Appeals affirmed his conviction. 
Miera v. State, No. 13-09-00166-CR (Tex. App.--Corpus Christi-Edinburg Aug. 30, 2010, pet.
ref'd).

 Applicant contends that he was incompetent to stand trial, the trial court failed to order a
competency hearing, and trial and appellate counsel rendered ineffective assistance. The trial court
made findings of fact and conclusions of law and recommended that we grant Applicant an out-of-time petition for discretionary review (PDR). The trial court concluded that because appellate
counsel could not unequivocally say whether she notified Applicant that his PDR had been refused,
Applicant was at a disadvantage. (1) We decline to hold that appellate counsel who file PDRs have a
duty under the Sixth Amendment of the United States Constitution to notify appellants that their
PDRs have been refused. Because appellants in Texas have no right to counsel in pursuing PDRs,
they have no right to effective assistance of counsel. Ex parte Wilson, 956 S.W.2d 25, 27 (1997);
Wainwright v. Torna, 455 U.S. 586, 587-88 (1982). Relief is denied. 

 

Filed: October 10, 2012

Do not publish

 
1. Applicant contends that because appellate counsel failed to notify him that his PDR had
been refused, he was not able to file a federal habeas petition within the one-year period. 28
U.S.C. § 2244(d)(1).