PER CURIAM: ■
I,Denied. Relator fails to show appellate counsel provided ineffective assistance by failing to present claims that were clearly stronger than those presented and that there was a reasonable probability those claims would have prevailed on appeal. See Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000); see also Mayo v. Henderson, 13 F.3d 528, 533-34 (2d Cir. 1994). In addition, relator fails to show appellate counsel provided ineffective assistance by failing to pursue discretionary review after the conviction and sentence were affirmed on appeal. See generally Wainwright v. Torna, 455 U.S. 586, *320 587-88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982).
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in baccord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.